| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | John R. Giovannone (SBN 239366)<br>jgiovannone@seyfarth.com |
| 3 | 333 S. Hope Street, Suite 3900<br>Los Angeles, California 90071 |
| 4 | Telephone:  (213) 270-9600<br>Facsimile:   (213) 270-9601 |
| 5 | SEYFARTH SHAW LLP |
| 6 | Jinouth D. Vasquez Santos (SBN 299056)<br>jvasquezsantos@seyfarth.com |
| 7 | 2029 Century Park East, Suite 3500<br>Los Angeles, California 90067-3021 |
| 8 | Telephone:  (310) 277-7200<br>Facsimile:   (310) 201-5219 |
| 9 | Attorneys for Defendants |
| 10 | TSYS MERCHANT SOLUTIONS, LLC f/k/a<br>TSYS BUSINESS SOLUTIONS, LLC, f/k/a |
| 11 | TRANSFIRST, LLC; and TOTAL SYSTEM<br>SERVICES, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GARDINER and, ALDWIN MARQUIS, as individuals and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC, a Delaware limited liability company; TOTAL SYSTEM SERVICES, INC., a Georgia corporation; and DOES 1 through 100,<br><br>          Defendants. | Case No.  8:18-cv-415<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C SECTIONS 1441 AND 1446**<br><br>[*Concurrently filed with Corporate Disclosures, Certificate of Interested Parties, Civil Case Cover Sheet, Notice of Related Cases, and Declaration of John Giovannone*]<br><br>Removed from California Superior Court, County of Orange, before Hon. Randall J. Sherman, Dept. C24, Case No. 30-2017-00942890-CU-OE-CXC<br><br>Complaint Filed:  September 8, 2017<br><br>FAC Filed:           November 27, 2017<br><br>SAC Filed:           March 6, 2018 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants TSYS Merchant Solutions, LLC, f/k/a TSYS Business Solutions, LLC, f/k/a Transfirst, LLC; and Total System Services, Inc. ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, asserting original federal question jurisdiction pursuant to 28 U.S.C. section 1331, to effect the removal of the above-captioned action from the Superior Court of California, County of Orange.

## BACKGROUND

On March 6, 2018, Plaintiffs Adam Gardiner and Aldwin Marquis ("Plaintiffs") filed a Second Amended Complaint ("SAC") against Defendants in the Superior Court of California, County of Orange, entitled: *Adam Gardiner and Aldwin Marquis, as individuals and on behalf of all others similarly situated v. TSYS Business Solutions, LLC, a Delaware limited liability company; Total System Services, Inc., a Georgia corporation; and DOES 1 through 100*, Case Number 30-2017-00942890-CU-OE-CXC.

Plaintiffs' SAC alleges eight claims for relief on behalf of themselves and a purported class of similarly situated individuals against Defendants stemming from their employment with Defendants. Plaintiffs base their claims on, among other things, alleged violations by Defendants of the federal Fair Labor Standards Act codified at 29 U.S.C. sections 201, *et seq.* ("FLSA"); California Labor Code sections 204, 226.2, 510, 558, 1194, and 1198; California Labor Code sections 201-203, 226, 226.7, 516, 1182.12, 1194.2, and 1197; California Business and Professions Code section 17200, *et seq.*; and claims under the Private Attorneys General Act ("PAGA") section 2698, *et seq.*

## TIMELINESS OF REMOVAL

On March 5, 2018, Plaintiffs' filed the joint stipulation with the court seeking leave to file the SAC, which included a new claim under the federal FLSA. (Giovannone Decl. ¶ 5.) Plaintiffs' attached the SAC to the filed stipulation. (Giovannone Decl. ¶ 5.)

Defendants reviewed a copy of the stipulation and draft of the SAC on February 26, 2018. (Giovannone Decl. ¶ 4.) A copy of the SAC is attached hereto as Exhibit A.

This Notice of Removal is timely as it is hereby "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"—30 days from February 26, 2018 "receipt" is March 28, 2018, which postdates this filing. 28 U.S.C. § 1446(b)(1); *see also, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## GROUNDS FOR REMOVAL

### I. FEDERAL QUESTION JURISDICTION

This Court has original jurisdiction over actions involving one or more federal questions. 28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States). Further, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Plaintiffs' SAC presents one, if not multiple, original federal questions under the FLSA, which independently confer this Court with original jurisdiction over this action.

#### A. Original Federal Question Jurisdiction Over Plaintiffs' FLSA Claims And Supplemental Jurisdiction Over Plaintiffs' Related State Law Claims

Plaintiffs' first claim alleges failure to pay proper overtime [under the] FLSA on the basis that Plaintiffs and putative class members performed off-the-clock work, a federal statute codified at 29 U.S.C. sections 201, *et seq*. (SAC, pp. 10-11.)

This action therefore presents a federal question over which this Court has original jurisdiction. 28 U.S.C. § 1331; *see also*, *Ruiz v. Fernandez*, 949 F. Supp. 2d 1055, 1061 (E.D. Wash. 2013) ("The Court has federal question jurisdiction over Plaintiffs' FLSA … claims pursuant to 28 U.S.C. § 1331….").

Plaintiffs assert the remainder of their claims under the California Labor Code, the California Business and Professions Code, and California's PAGA statute. Plaintiffs' claims under California law arise from, relate to, and emanate from the same alleged employment relationship between Plaintiffs and the Defendants that is the subject of the federal question claims and raise the same issue as to whether Plaintiffs and the putative class were properly compensated for overtime due to alleged off-the-clock work.

Therefore, the claims are so related that they form part of the same case or controversy as the FLSA claim. Accordingly, this Court has supplemental jurisdiction over Plaintiffs' claims under California law pursuant to 28 U.S.C. section 1367(a). See *Ruiz v. Fernandez*, 949 F. Supp. 2d at 1061 ("The Court has federal question jurisdiction over Plaintiffs' FLSA … claims pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367."); *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).

## VENUE

Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(3). This action originally was brought in the Superior Court of the State of California, County of Orange.

## JOINDER

All named defendants join in this removal. Unnamed, or doe defendants, are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (unknown defendants need not join in removal).

## NOTICE OF REMOVAL

This Notice of Removal will be promptly served on Plaintiffs and filed with the Clerk of the Superior Court of the State of California in and for the County of San Orange.

In compliance with 28 U.S.C. section 1446(a), Defendants attach all other process "process, pleadings, [or] orders" in this case (besides those separately identified as Exhibit A) Exhibit B.

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Orange to the United States District Court for the Central District of California.

DATED: March 15, 2018                    SEYFARTH SHAW LLP

By: /s/ *John R. Giovannone*
    John R. Giovannone
    Jinouth D. Vasquez Santos
    Attorneys for Defendants
    TSYS MERCHANT SOLUTIONS, LLC f/k/a TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC; and TOTAL SYSTEM SERVICES, INC.