1　SEYFARTH SHAW LLP
John R. Giovannone (SBN 239366)
2　jgiovannone@seyfarth.com
333 S. Hope Street, Suite 3900
3　Los Angeles, California 90071
Telephone:　(213) 270-9600
4　Facsimile:　 (213) 270-9601

5　SEYFARTH SHAW LLP
Jinouth D. Vasquez Santos (SBN 299056)
6　jvasquezsantos@seyfarth.com
2029 Century Park East, Suite 3500
7　Los Angeles, California 90067-3021
Telephone:　(310) 277-7200
8　Facsimile:　 (310) 201-5219

9　Attorneys for Defendants
TSYS MERCHANT SOLUTIONS, LLC f/k/a
10　TSYS BUSINESS SOLUTIONS, LLC, f/k/a
TRANSFIRST, LLC; and TOTAL SYSTEM
11　SERVICES, INC.

12

13　　　　　　UNITED STATES DISTRICT COURT

14　　　　　　CENTRAL DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| 16　ADAM GARDINER and, ALDWIN MARQUIS, as individuals and on behalf of 17　all others similarly situated, | Case No.　8:18-cv-415 |
| 18　　　　　Plaintiffs, | **DECLARATION OF JOHN GIOVANNONE IN SUPPORT OF DEFENDANTS' REMOVAL** |
| 19　　　v. | *[Concurrently filed with Notice of Removal, Corporate Disclosures,* |
| 20　TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC, a Delaware 21　limited liability company; TOTAL SYSTEM SERVICES, INC., a Georgia 22　corporation; and DOES 1 through 100, | *Certificate of Interested Parties, Civil Case Cover Sheet, and Notice of Related Cases]* |
| 23　　　　　Defendants. | Removed from California Superior Court, County of Orange, before Hon. Randall J. Sherman, Dept. C24, Case No. 30-2017-00942890-CU-OE-CXC |
| 24 | |
| 25 | Complaint Filed:　September 8, 2017 |
| 26 | FAC Filed:　　　November 27, 2017 |
| 27 | SAC Filed:　　　March 6, 2018 |
| 28 | |

I, John Giovannone, declare as follows:

1.    am an attorney duly licensed to practice before this Court and all other courts in California. I am a partner with the law firm of Seyfarth Shaw LLP, counsel of record for Defendants TSYS Merchant Solutions, LLC, f/k/a TSYS Business Solutions, LLC, f/k/a Transfirst, LLC; and Total System Services, Inc. ("TSYS"). I have personal knowledge of the facts set forth in this declaration and would and could competently testify thereto if called upon to do so.

2.    I make this declaration in support of TSYS's removal.

3.    On February 26, 2018, I agreed to a joint stipulation whereby Plaintiffs could seek leave to file a Second Amended Complaint.

4.    On February 26, 2018, I reviewed a draft of the Second Amended Complaint.

5.    On March 5, 2018 Plaintiffs' filed the joint stipulation seeking leave to file the Second Amended Complaint. Plaintiffs attached the Second Amended Complaint to the Stipulation. On March 6, 2018 Plaintiffs filed the Second Amended Complaint. Attached hereto as **Exhibit A** is a true and correct copy of the Stipulation and Second Amended Complaint that were filed with the court.

6.    Attached hereto as **Exhibit B** are all other process "process, pleadings, [or] orders" in this case.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 15, 2018, at Los Angeles, California.


John Giovannone

DECLARATION OF JOHN GIOVANNONE IN SUPPORT OF DEFENDANTS' REMOVAL

44805357v.1

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/05/2018** at 06:25:00 PM

Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

1    **HAINES LAW GROUP, APC**
     Paul K. Haines (SBN 248226)
2    phaines@haineslawgroup.com
     Tuvia Korobkin (SBN 268066)
3    tkorobkin@haineslawgroup.com
     Daniel J. Brown (SBN 307604)
4    dbrown@haineslawgroup.com
     222 N. Sepulveda Blvd., Suite 1550
5    El Segundo, California 90245
     Tel: (424) 292-2350
6    Fax: (424) 292-2355

7    Attorneys for Plaintiffs
     Adam Gardiner, Aldwin Marquis, and Joseph Greco
8
     *(Additional Counsel Listed on Next Page)*
9

10                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
12                      **FOR THE COUNTY OF ORANGE**
13

| | |
|---|---|
| 14  ADAM GARDINER and ALDWIN MARQUIS, as individuals and on behalf of all others similarly situated, | Case No. 30-2017-00942890-CU-OE-CXC |
| 15 | Assigned to the Honorable Randall J. Sherman, Dept. CX-105 |
| 16                    Plaintiff, | |
| 17        vs. | **STIPULATION AND ORDER GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| 18  TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC, a Delaware limited liability company; TOTAL SYSTEM SERVICES, INC., a Georgia corporation; and DOES 1 through 100, | |
| 19 | |
| 20 | Complaint Filed:  September 8, 2017 <br> FAC Filed:          November 27, 2017 |
| 21                  Defendants. | |

22
23
24
25
26
27
28

---

STIPULATION AND ORDER FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1

**SEYFARTH SHAW LLP**
John R. Giovannone (SBN 239366)

2

jgiovannone@seyfarth.com
333 S. Hope Street, Suite 3900

3

Los Angeles, California 90071
Telephone:      (213) 270-9600

4

Facsimile:      (213) 270-9601

5

**SEYFARTH SHAW LLP**
Jinouth D. Vasquez Santos (SBN 299056)

6

jvasquezsantos@seyfarth.com
2029 Century Park East, Suite 3500

7

Los Angeles, California 90067-3021
Telephone:      (310) 277-7200

8

Facsimile:      (310) 201-5219

9

Attorneys for Defendants
TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC; and TOTAL SYSTEM

10

SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

STIPULATION AND ORDER FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiffs Adam Gardiner, Aldwin Marquis, and Joseph Greco ("Plaintiffs") and Defendants TSYS Business Solutions, LLC f/k/a Transfirst, LLC and Total System Services, Inc. ("Defendants") (collectively, "the Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on September 8, 2017, Plaintiffs Gardiner and Marquis filed their original putative class action complaint in the Superior Court of the State of California, Orange County, Case No. 30-2017-00942890-CU-OE-CXC;

WHEREAS, on November 27, 2017, Plaintiffs filed a First Amended Complaint in this Court, adding a cause of action for civil penalties under Labor Code Private Attorneys General Act, Labor Code § 2698 *et seq.* and adding Plaintiff Greco as a named plaintiff;

WHEREAS, Plaintiffs seek to add a cause of action for unpaid overtime wages on behalf of themselves and certain other current or former non-exempt employees in California under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA");

WHEREAS, the Parties have met and conferred regarding the addition of a cause of action for unpaid overtime wages under the FLSA;

WHEREAS, the Parties have agreed to enter into this stipulation to allow Plaintiffs to file a Second Amended Complaint (attached hereto as **Exhibit A**) to add a cause of action for unpaid overtime wages under the FLSA;

WHEREAS, the Parties have agreed that Plaintiffs' proposed Second Amended Complaint shall be deemed filed and served on Defendants as of the date of the Court's Order approving this Stipulation; and

WHEREAS, Defendants retain the right to challenge the Second Amended Complaint by demurrer and/or Motion to Strike, or by other means in accordance with the Code of Civil Procedure and Rules of Court. Defendants' responsive pleading shall be due 30 days from the date this Stipulation is granted by this Court. Defendants do not admit the truth of any allegations contained in the Second Amended Complaint, or waive their rights to challenge the sufficiency of the pleadings in the Second Amended Complaint.

///

NOW, THEREFORE, the Parties hereby jointly stipulate as follows:

1. That Plaintiffs be granted leave to file a Second Amended Complaint adding a cause of action for unpaid overtime wages under the FLSA;

2. That Plaintiffs' proposed Second Amended Complaint, attached hereto as Exhibit A, be deemed filed and served on Defendants as of the date of the Court's Order approving this Stipulation;

3. That Defendants' responsive pleadings shall be due 30 days from the date this Stipulation is granted by this Court.

4. The Parties agree that by entering into this stipulation, Defendants do not admit the truth of any allegations contained in the Second Amended Complaint, or wave their rights to challenge the sufficiency of the pleadings in the Second Amended Complaint, and that Defendants retain the right to challenge the Second Amended Complaint by demurrer and/or Motion to Strike, or by other means in accordance with the Code of Civil Procedure and Rules of Court.

Dated: February 26, 2018          HAINES LAW GROUP, APC

By:     s/ Paul K. Haines
        Paul K. Haines
        Tuvia Korobkin
        Attorneys for Plaintiffs


Dated: February 26, 2018          SEYFARTH SHAW LLP

By:     s/ John Giovannone
        John Giovannone
        Jinouth D. Vasquez Santos
        Attorneys for Defendants

4

STIPULATION AND ORDER FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND ORDER FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

1

## ORDER

2       Good cause appearing, IT IS HEREBY ORDERED that Plaintiffs' Second Amended

3  Complaint attached to the foregoing Stipulation MUST BE FILED AS A SEPARATE

4  DOCUMENT within 10 days from the date of this order, and that Defendants shall have 30 days

5  from the date of this order to file a responsive pleading.

6       **IT IS SO ORDERED**.

7

8  **Date Judge Signed: March 5, 2018**

9

10            Hon. Randall J. Sherman
             Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6
ORDER

# EXHIBIT A

1  **HAINES LAW GROUP, APC**
   Paul K. Haines (SBN 248226)
2  phaines@haineslawgroup.com
   Tuvia Korobkin (SBN 268066)
3  tkorobkin@haineslawgroup.com
   Daniel J. Brown (SBN 307604)
4  dbrown@haineslawgroup.com
   222 N. Sepulveda Blvd., Suite 1550
5  El Segundo, California 90245
   Tel: (424) 292-2350
6  Fax: (424) 292-2355

7  Attorneys for Plaintiffs
   ADAM GARDINER, ALDWIN MARQUIS,
8  and JOSEPH GRECO

9

           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                        **COUNTY OF ORANGE**
11

12
   ADAM GARDINER and, ALDWIN MARQUIS,    Case No. 30-2017-00942890-CU-OE-CXC
13 as individuals and on behalf of all others similarly
   situated,                            **SECOND AMENDED CLASS,**
14                                       **COLLECTIVE. AND**
                                         **REPRESENTATIVE ACTION**
15              Plaintiffs,              **COMPLAINT:**

16      vs.                             **(1)  FAIR LABOR STANDARDS**
                                             **ACT, (29 U.S.C. § 201 *et seq.*);**
17
   TSYS BUSINESS SOLUTIONS, LLC, f/k/a  **(2)  OVERTIME WAGE**
18 TRANSFIRST, LLC, a Delaware limited liability      **VIOLATIONS (LABOR CODE**
   company; TOTAL SYSTEM SERVICES, INC., a           **§§ 204, 226.2, 510, 558, 1194,**
19 Georgia corporation; and DOES 1 through 100,      **1198);**

20                                       **(3)  MINIMUM WAGE**
                Defendants.                   **VIOLATIONS (LABOR CODE**
21                                           **§§ 226.2, 1182.12, 1194, 1194.2,**
                                             **1197);**
22
                                         **(4)  REST PERIOD VIOLATIONS**
23                                           **(LABOR CODE §§ 226.7, 516,**
                                             **558);**
24
                                         **(5)  WAGE STATEMENT**
25                                           **VIOLATIONS (LABOR CODE**
                                             **§ 226 *et seq.*, 226.2);**
26
                                         **(6)  WAITING TIME PENALTIES**
27                                           **(LABOR CODE §§ 201-203);**

28                                       **(7)  UNFAIR COMPETITION**
                                             **(BUS & PROF CODE § 17200**
                                             ***et seq.*); and**

                                   1
   Second Amended Class, Collective, and Representative Action Complaint

1

2

3

4

**(8)  CIVIL PENALTIES UNDER
THE PRIVATE ATTORNEYS
GENERAL ACT (LABOR
CODE § 2698 *et seq.*).**

**DEMAND FOR JURY TRIAL
UNLIMITED CIVIL CASE**

5   Plaintiffs Adam Gardiner, Aldwin Marquis, and Joseph Greco (collectively "Plaintiffs"),

6   on behalf of themselves and all others similarly situated, hereby bring this Second Amended

7   Class and Representative Action Complaint against Defendants TSYS Business Solutions, LLC,

8   formerly known as TransFirst, LLC, a Delaware limited liability company; Total System

9   Services, Inc., a Georgia corporation; and DOES 1 to 100 (collectively "Defendants"), inclusive,

10  and on information and belief alleges as follows:

11                              **JURISDICTION**

12   1.   Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring

13  this class, collective, and representative action for recovery of unpaid wages and penalties under

14  the Fair Labor Standards Act ("FLSA"); California Labor Code §§ 201-204, 226, 226.2, 226.7,

15  510, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and 2698 *et seq.*; California Business &

16  Professions Code §17200 *et. seq.* and Industrial Welfare Commission Wage Order No. 4

17  ("Wage Order 4"), in addition to seeking declaratory relief and restitution.  This class action is

18  brought pursuant to California Code of Civil Procedure 382.  This Court has jurisdiction over

19  Defendants' violations of the California Labor Code because the amount in controversy exceeds

20  this Court's jurisdictional minimum.

21                                 **VENUE**

22   2.   Venue as to each Defendant is proper in this judicial district pursuant to

23  California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and

24  omissions complained of herein occurred in the County of Orange.  Further, at all times relevant

25  herein Plaintiffs were (or are) employed by Defendants within the County of Orange.

26  //

27  //

28  //

**PARTIES**

3.     Plaintiffs are individuals over the age of eighteen (18).  At all relevant times herein, Plaintiffs were, and currently are, California residents.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by Defendants as non-exempt employees.  Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed to them by California Labor Code §§ 201-203, 226, 226.2, 226.7, 510, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, California Business & Professions Code § 17200 *et seq.* ("Unfair Competition Law"), and Wage Order 4, which sets employment standards for "professional, technical, clerical, mechanical and similar occupations," including salespersons.

4.     Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating a company that provides credit card processing, debit card processing, and other payment processing services for retailers and merchants within the County of Orange, and employed Plaintiffs and other, similarly-situated hourly non-exempt employees within the County of Orange and, therefore, were (and are) doing business in the County of Orange and the State of California.

5.     Founded in 1995, Defendant TSYS Business Solutions, LLC, formerly known as TransFirst, LLC ("TransFirst"), is one of the largest providers of secure payment processing in the United States, serving more than 235,000 merchants, financial institutions, and sales partners and employing over 1,000 employees nationwide.  TransFirst maintains a facility in Cypress, California, as well as other offices nationwide.  In or around 2016, Defendant Total System Services, Inc. ("TSYS") acquired TransFirst.

6.     Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants were licensed to do business in California and the County of Orange, and were the employers of Plaintiffs and the Classes (as defined in Paragraph 17).

7.    Plaintiffs do not know the true names, capacities, relationships and/or the extent of participation of Defendants DOES 1 through 100, inclusive, in the conduct alleged in this Complaint. For that reason, Defendants DOES 1 through 100, inclusive, are sued under such fictitious names. Plaintiffs pray for leave to amend this Complaint when the true names and capacities are known. Plaintiffs are informed and believe, and based thereon allege, that each fictitiously named defendant is and was responsible in some way for the alleged wage and hour violations and other wrongful conduct which subjected Plaintiffs and the Classes, as defined below, to the illegal employment practices, wrongs and injuries complained of herein. All references in this Complaint to "Defendants" shall be deemed to include all DOE Defendants.

8.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all members of the Classes (as defined in Paragraph 17).

## GENERAL FACTUAL ALLEGATIONS

10.    Plaintiff Aldwin Marquis has been employed by Defendants since approximately June 2012 as a non-exempt Account executive at Defendants' facility in Cypress, California, and is still currently employed by Defendants.

//

//

//

1        11.     Plaintiff Adam Gardiner was employed by Defendants during the putative class

2  period as a non-exempt sales representative at Defendants' Cypress, California facility, and his

3  employment with Defendants ended in approximately January 2015.

4        12.     Plaintiff Joseph Greco was employed by Defendants during the putative class

5  period as a non-exempt sales representative at Defendants' Cypress, California facility.

6        13.     During Plaintiffs' employment with Defendants, Plaintiffs were paid on a

7  commission basis, whereby Plaintiffs were paid commissions based on services and/or

8  equipment that Plaintiffs sold to Defendants' customers.  However, Plaintiffs were not separately

9  compensated for time spent working on tasks which did not generate commissions, including for

10  example, time spent attending meetings, and working on other accounts for which they were not

11  earning commissions, (i.e., non-productive time), thereby resulting in Plaintiffs not being paid at

12  least the minimum wage for all hours worked.  In addition, on those occasions where Plaintiffs

13  worked over eight hours in a workday and/or over 40 hours in a workweek, Defendants' failure

14  to compensate Plaintiffs separately for all non-productive time resulted in Plaintiffs not being

15  paid all overtime compensation owed.

16        14.     Plaintiffs worked shifts in excess of 3.5 hours, and were never provided with a

17  paid rest period for every 4 hour period worked, or major fraction thereof, because Defendants'

18  commission-based compensation plan(s) that do not separately compensate for every hour

19  worked (e.g., recoverable draw based plans), failed to separately compensate Plaintiffs for

20  required rest periods.  *See Bluford v. Safeway Inc.,* 216 Cal. App. 4th 864 (2013) (holding that

21  where employees are paid on an "activity-based compensation system," employers must pay

22  employees separately for rest periods, and finding that "[t]here is no dispute that Safeway's

23  activity-based compensation system did not separately compensate drivers for their rest

24  periods."); *Vaquero v. Stoneledge Furniture LLC,* 9 Cal.App.5th 98, 110-11 (holding that the

25  requirement to pay separately for rest periods "applies equally to commissioned salespersons").

26  As a result, Plaintiffs were not paid all minimum wages and/or overtime wages owed.  In

27  addition, despite failing to authorize and permit Plaintiffs to take paid 10-minute rest periods,

28

Second Amended Class, Collective, and Representative Action Complaint

1   Defendants failed to pay Plaintiffs the premium wages they were owed under Labor Code §

2   226.7.

3       15.    In addition, Plaintiffs were often required to perform off-the-clock work,

4   including but not limited to checking and responding to work-related e-mails after work hours,

5   but they were not paid for this work time.  Because Plaintiffs generally worked at least 8 hours in

6   a workday and 40 hours in a workweek, this off-the-clock time frequently resulted in unpaid

7   daily and/or weekly overtime.

8       16.    As a result of Defendants' failure to pay all minimum wages, overtime wages, and

9   rest period premium wages, Defendants maintained inaccurate payroll records, issued inaccurate

10  wage statements, and did not pay Plaintiff Gardiner and other former non-exempt employees all

11  wages owed at the time of their separation from employment with Defendants.

12                **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

13      17.    Class Definitions: Plaintiffs bring this action on behalf of themselves and the

14  following Classes pursuant to Section 382 of the Code of Civil Procedure:

15      a.     The **Minimum Wage Class** consists of: (i) all of TransFirst's current and former

16  non-exempt sales representatives, Account Executives, and similar job titles or job duties, in

17  California who were paid pursuant to Defendants' commission-based compensation plan(s) that

18  do not separately compensate for every hour worked (e.g., recoverable draw based plans)[1]; (ii)

19  all of TSYS' current and former non-exempt sales representatives, Account Executives, and

20  similar job titles or job duties, in California who were paid pursuant to Defendants' commission-

21  based compensation plan(s) that do not separately compensate for every hour worked (e.g.,

22  recoverable draw based plans); and (iii) all of Defendants' current and former non-exempt sales

23  representatives, Account Executives, and similar job titles or job duties in California who were

24  paid pursuant to Defendants' commission-based compensation plan(s) that do not separately

25  

26  [1] With respect to those individuals who participated in a prior class action settlement entitled,
    *Benjamin Nable v. TransFirst, LLC, et al*, United States District Court, Central District of

27  California Case No. 8:15-cv-00891-DOC-JCG, their minimum wage and overtime claims would
    be released against TransFirst through May 23, 2016.

28

1   compensate for every hour worked (e.g., recoverable draw based plans) and were required to

2   perform off-the-clock work, including but not limited to checking and/or responding to work-

3   related e-mails after hours and were not paid for that time, at any time from four years preceding

4   the filing of the original Complaint through the present date.

5          b.     The **Overtime Class** consists of (i) all of TransFirst's current and former non-

6   exempt sales representatives, Account Executives, and similar job titles or job duties, in

7   California who were paid pursuant to Defendants' commission-based compensation plan(s) that

8   do not separately compensate for every hour worked (e.g., recoverable draw based plans); (ii) all

9   of TSYS' current and former non-exempt sales representatives, Account Executives, and similar

10   job titles or job duties, in California who were paid pursuant to Defendants' commission-based

11   compensation plan(s) that do not separately compensate for every hour worked (e.g., recoverable

12   draw based plans), and (iii) all of Defendants' current and former non-exempt sales

13   representatives, Account Executives, and similar job titles or job duties in California who were

14   paid pursuant to Defendants' commission-based compensation plan(s) that do not separately

15   compensate for every hour worked (e.g., recoverable draw based plans) and were required to

16   perform off-the-clock work, including but not limited to checking and/or responding to work-

17   related e-mails after hours and were not paid for that time, at any time from four years preceding

18   the filing of the original Complaint through the present date.

19          c.     The **Rest Period Class** consists of all Defendants' current and former non-

20   exempt sales representatives, Account Executives, and similar job titles or job duties, in

21   California who were paid pursuant to Defendants' commission-based compensation plan(s) that

22   do not separately compensate for every hour worked (e.g., recoverable draw based plans), and

23   worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the

24   filing of the original Complaint through the present date.

25          d.     The **Wage Statement Class** consists of: (i) all members of the Minimum Wage

26   Class, Overtime Class, and/or Rest Period Class, who received a wage statement during the one

27   year immediately preceding the filing of the original Complaint through the present.

28   //

Second Amended Class, Collective, and Representative Action Complaint

1    e.    The **Waiting Time Class** consists of all formerly employed members of the

2    Minimum Wage Class, Overtime Class, and/or Rest Period Class, who separated their

3    employment from Defendants during the three years immediately preceding the filing of the

4    original Complaint through the present date.

5    18.    **Numerosity/Ascertainability:**  The members of the Classes are so numerous that

6    joinder of all members would be unfeasible and not practicable. The membership of the classes

7    and subclasses are unknown to Plaintiffs at this time; however, it is estimated that the Classes

8    number greater than one-hundred (100) individuals as to each Class. The identity of such

9    membership is readily ascertainable via inspection of Defendants' employment records.

10    19.    **Common Questions of Law and Fact Predominate/Well-Defined Community**

11    **of Interest:** There are common questions of law and fact as to Plaintiffs and all other similarly

12    situated employees, which predominate over questions affecting only individual members

13    including, without limitation to:

14    i.    Whether Defendants violated the applicable Labor Code provisions including, but

15    not limited to §§ 226.2, 510 and 1194 by requiring overtime work and not paying for said work

16    according to the overtime laws of the State of California;

17    ii.    Whether Defendants violated the applicable Labor Code provisions including, but

18    not limited to §§ 226.2, 1182.12, 1194, 1194.2 and1197 by failing to pay all members of the

19    Minimum Wage Class at least the minimum wage for all hours worked;

20    iii.    Whether Defendants' policies and/or practices for the timing and amount of

21    payment of final wages to members of the Waiting Time Class at the time of separation from

22    employment were unlawful;

23    iv.    Whether Defendants' rest period policies and/or practices violated California law;

24    v.    Whether Defendants' record keeping policies and practices were compliant with

25    California law; and

26    vi.    Whether the wage statements issued by Defendants were compliant with

27    California law.

28

1    20.    **Predominance of Common Questions:**  Common questions of law and fact

2  predominate over questions that affect only individual members of the Classes.  The common

3  questions of law set forth above are numerous and substantial and stem from Defendants'

4  policies and/or practices applicable to each individual class member.  As such, the common

5  questions predominate over individual questions concerning each individual class member's

6  showing as to his or her eligibility for recovery or as to the amount of his or her damages.

7    21.    **Typicality:**  Plaintiffs' claims are typical of the claims of the Classes because

8  Plaintiffs were employed by Defendants as non-exempt, commission-based employees in

9  California during the statutes of limitation applicable to each cause of action pled in the

10  Complaint in this action.  As alleged herein, Plaintiffs, like the members of the Classes, were

11  deprived of all minimum and overtime wages, were not provided with all legally complaint rest

12  periods, received non-compliant wage statements, and (in the case of Plaintiff Gardiner) did not

13  receive all wages owed at the time of separation.

14    22.    **Adequacy of Representation:**  Plaintiffs are fully prepared to take all necessary

15  steps to represent fairly and adequately the interests of the members of the Classes.  Moreover,

16  Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of

17  the Classes and Plaintiffs.  Plaintiffs' attorneys have prosecuted and defended numerous wage-

18  and-hour class actions in state and federal courts in the past and are committed to vigorously

19  prosecuting this action on behalf of the members of the classes.

20    23.    **Superiority:**  The California Labor Code is broadly remedial in nature and serves

21  an important public interest in establishing minimum working conditions and standards in

22  California.  These laws and labor standards protect the average working employee from

23  exploitation by employers who have the responsibility to follow the laws and who may seek to

24  take advantage of superior economic and bargaining power in setting onerous terms and

25  conditions of employment.  The nature of this action and the format of laws available to

26  Plaintiffs and members of the Classes make the class action format a particularly efficient and

27  appropriate procedure to redress the violations alleged herein.  If each employee were required to

28

1  file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since

2  they would be able to exploit and overwhelm the limited resources of each individual plaintiff

3  with their vastly superior financial and legal resources.  Moreover, requiring each member of the

4  Classes to pursue an individual remedy would also discourage the assertion of lawful claims by

5  employees who would be disinclined to file an action against their former and/or current

6  employer for real and justifiable fear of retaliation and permanent damages to their careers at

7  subsequent employment.  Further, the prosecution of separate actions by the individual class

8  members, even if possible, would create a substantial risk of inconsistent or varying verdicts or

9  adjudications with respect to the individual class members against Defendants herein; and which

10  would establish potentially incompatible standards of conduct for Defendants; and/or legal

11  determinations with respect to individual class members which would, as a practical matter, be

12  dispositive of the interest of the other class members not parties to adjudications or which would

13  substantially impair or impede the ability of the class members to protect their interests. Further,

14  the claims of the individual members of the class are not sufficiently large to warrant vigorous

15  individual prosecution considering all of the concomitant costs and expenses attending thereto.

16      24.     As such, each of the Classes identified in Paragraph 17 is maintainable as a Class

17  under Section 382 of the Code of Civil Procedure.

## FIRST CAUSE OF ACTION

### FLSA VIOLATIONS

**(29 U.S.C. § 201 *et seq.*)**

**(AGAINST ALL DEFENDANTS)**

22      25.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

23      26.     This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to

24  pay all non-exempt employees one and one-half times the regular rate of pay for all hours

25  worked in excess of 40 per workweek.

26      27.     Plaintiffs and members of the Overtime Class worked in excess of 40 hours per

27  workweek.

28  //

Second Amended Class, Collective, and Representative Action Complaint

28.     Plaintiffs are informed and believe, and based thereon allege, that Defendants regularly and systematically, as a policy and practice, failed to compensate Plaintiffs and members of the Overtime Class for all time worked, including off-the-clock work as alleged herein, which resulted in Plaintiffs and Overtime Class members not being paid all overtime compensation owed.

29.     Defendants' policy and practice of requiring overtime work but not paying at the proper overtime rate for said work violates the FLSA's requirements including, but not limited to, 29 U.S.C. § 207.

30.     Defendants' policies and practices, as alleged, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

31.     Defendants' aforementioned violations create an entitlement to recovery by Plaintiff and members of the Overtime Class in a civil action for the unpaid amount of wages and overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216, and interest thereon.

## SECOND CAUSE OF ACTION

## OVERTIME WAGE VIOLATIONS

## (AGAINST ALL DEFENDANTS)

32.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

33.     This cause of action is brought on behalf of the Overtime Class pursuant to Labor Code §§ 204, 226.2, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for overtime hours worked, including for rest periods, other non-productive time, and off-the-clock work, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

34.     At all times relevant herein, Defendants were required to properly compensate non-exempt commissioned sales representatives, including Plaintiffs and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and

1   Wage Order 4.  Wage Order 4, § 3 requires an employer to pay an employee "one and one-half

2   (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or

3   in excess of 40 hours of work in the workweek.  Wage Order 4, § 3 also requires an employer to

4   pay an employee double the employee's regular rate of pay for work in excess of 12 hours each

5   work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the

6   workweek.

7        35.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

8   caused Plaintiffs and members of the Overtime Class to work overtime hours, but failed to fully

9   compensate Plaintiffs or members of the Overtime Class at one and a half times their regular rate

10  of pay for such hours due to their policy/practice of not compensating commissioned sales

11  representatives separately for rest periods or other non-productive time and of requiring but not

12  paying for off-the-clock work.

13       36.    Defendants' policy and practice of requiring overtime work and not paying at the

14  proper overtime rates for all overtime work violates California Labor Code §§ 204, 226.2, 510,

15  558, 1194, and 1198, and Wage Order 4.

16       37.    The foregoing policies and practices are unlawful and create an entitlement to

17  recovery by Plaintiffs and members of the Overtime Class in a civil action for the unpaid amount

18  of overtime premiums owing, including interest thereon, statutory penalties, civil penalties,

19  attorney's fees, and costs of suit according to California Labor Code §§ 204, 226.2, 510, 558,

20  1194, 1198, and Code of Civil Procedure § 1021.5.

21                          **THIRD CAUSE OF ACTION**

22                        **MINIMUM WAGE VIOLATIONS**

23                        **(AGAINST ALL DEFENDANTS)**

24       38.    Plaintiffs re-allege and incorporate by reference all prior paragraphs as though

25  fully set forth herein.

26       39.    Wage Order 4, § 4 and California Labor Code §§ 226.2, 1197 and 1182.12

27  establish the right of employees to be paid minimum wages for all hours worked, in amounts set

28

1   by state law, including for rest periods and other non-productive time.  Labor Code §§ 1194(a)

2   and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as

3   required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and

4   costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest

5   accrued thereon.

6        40.    At all relevant times herein, Defendants failed to conform their pay practices to

7   the requirements of the law.  This unlawful conduct includes, but is not limited to, Defendants'

8   uniform commission compensation structure for members of the Minimum Wage Class, which

9   resulted in these individuals not being paid separately for rest periods or other non-productive

10  time.  Moreover, as alleged herein, Defendants required Plaintiffs and members of the Minimum

11  Wage Class to perform off-the-clock work without compensation.  Accordingly, Plaintiffs and

12  members of the Minimum Wage Class were not compensated for all hours worked including, but

13  not limited to, all hours they were subject to the control of Defendants and/or suffered or

14  permitted to work under the California Labor Code and Wage Order 4.

15       41.    Defendants' policy and practice of not paying all minimum wages violates

16  California Labor Code §§ 204, 226.2, 558, 1182.12, 1197.1, 1198, and Wage Order 4.

17       42.    Such a practice and uniform administration of corporate policy regarding illegal

18  employee compensation is unlawful and creates an entitlement to recovery by Plaintiffs and

19  members of the Minimum Wage Class in a civil action for the unpaid amount of minimum

20  wages, liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and

21  costs of suit according to California Labor Code §§ 204, 226.2, 558, 1194 *et seq.*, 1194.2, 1198,

22  and Code of Civil Procedure § 1021.5.

23       43.    As a consequence of Defendants' non-payment of minimum wages, Plaintiffs and

24  members of the Minimum Wage Class seek penalties pursuant to Wage Order 4, § 20(A) and

25  California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and

26  Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2;

27  and attorneys' fees and costs of suit pursuant to California Labor Code § 1194 *et seq.*

28

**FOURTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

44.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

45.     Wage Order 4, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be authorized and permitted to take a paid rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

46.     Defendants failed to separately compensate Plaintiffs and members of the Rest Period Class for each rest period to which they were entitled while working on a commission compensation plan, and therefore failed to authorize and permit paid rest periods as required by law.

47.     The foregoing violations create an entitlement to recovery by Plaintiffs and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, attorney's fees, and costs of suit pursuant to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

48.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

49.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiffs and members of the Wage Statement Class with accurate and complete wage statements regarding their total regular hours worked, total overtime hours worked, total rest and recovery periods, total non-productive time worked, total rest period premium wages earned,

Second Amended Class, Collective, and Representative Action Complaint

1 total gross wages earned, and total net wages earned, in violation of Labor Code §§ 226 and

2 226.2.

3       50.     Defendants' failure to furnish Plaintiffs and members of the Wage Statement

4 Class with complete and accurate itemized wage statements resulted in actual injury, as said

5 failures led to, among other things, the non-payment of all their minimum and overtime wages

6 and rest period premiums wages, and deprived them of the information necessary to identify the

7 discrepancies in Defendants' reported data.

8       51.     Defendants' failures create an entitlement to recovery by Plaintiffs and members

9 of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor

10 Code §§ 226 and 226.2, including statutory penalties, reasonable attorney's fees, and costs of suit

11 according to California Labor Code §§ 226 and 226.2.

12 **SIXTH CAUSE OF ACTION**

13 **WAITING TIME PENALTIES**

14 **(AGAINST ALL DEFENDANTS)**

15       52.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though

16 fully set forth herein.

17       53.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require

18 an employer to pay all wages earned immediately at the time of termination of employment in

19 the event the employer discharges the employee or the employee provides at least 72 hours of

20 notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of

21 his/her intent to quit, said employee's wages become due and payable not later than 72 hours

22 upon said employee's last date of employment.

23       54.     Plaintiffs are informed and believe, and based thereon allege, that Defendants

24 failed to timely pay Plaintiff Gardiner, Plaintiff Greco, and members of the Waiting Time Class

25 all final wages due to them at the time of their separation which includes, among other things,

26 underpaid overtime and minimum wages and rest period premium wages.  Further, Plaintiffs are

27 informed and believe, and based thereon allege, that as a matter of uniform policy and practice,

28

1  Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the

2  end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

3  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

4    55.    Defendants' willful failure to timely pay Plaintiff Gardiner, Plaintiff Greco and

5  the members of the Waiting Time Class their earned wages upon separation from employment

6  results in a continued payment of wages up to thirty (30) days from the time the wages were due.

7  Therefore, Plaintiff Gardiner and members of the Waiting Time Class are entitled to

8  compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

9  **SEVENTH CAUSE OF ACTION**

10  **UNFAIR COMPETITION**

11  **(AGAINST ALL DEFENDANTS)**

12    56.    Plaintiffs re-allege and incorporate by reference all prior paragraphs as though

13  fully set forth herein.

14    57.    Defendants have engaged and continue to engage in unfair and/or unlawful

15  business practices in California in violation of California Business & Professions Code § 17200

16  *et seq.*, by: (a) failing to pay Plaintiffs and members of the Minimum Wage Class at least the

17  minimum wage for all hours actually worked; (b) failing to pay Plaintiffs and members of the

18  Overtime Class overtime wages for all overtime hours actually worked; (c) failing to pay

19  Plaintiffs and members of the Rest Period Class rest period premium wages for each rest period

20  violation; (d) failing to issue compliant wage statements to Plaintiffs and members of the Wage

21  Statement Class; and (e) failing to pay Plaintiff Gardiner and members of the Waiting Time

22  Class all earned wages at the time of their separation.

23    58.    Defendants' utilization of these unfair and/or unlawful business practices

24  deprived Plaintiffs and continues to deprive members of the Classes of compensation to which

25  they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair

26  advantage over Defendants' competitors who have been and/or are currently employing workers

27  and attempting to do so in honest compliance with applicable wage and hour laws.

28

59.     Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs, for themselves and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business & Professions Code §§ 17203 and 17208.

60.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

61.     Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution, and to enforce important rights affecting the public interest.  Plaintiffs thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

## EIGHTH CAUSE OF ACTION

## PRIVATE ATTORNEYS GENERAL ACT

## (AGAINST ALL DEFENDANTS)

62.     Plaintiff Aldwin Marquis re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

63.     Defendants have committed several Labor Code violations against Plaintiff Aldwin Marquis, members of the Classes, and other similarly aggrieved employees. Plaintiff Aldwin Marquis, an "aggrieved employee" within the meaning of Labor Code § 2698 et seq., acting on behalf of himself and other similarly aggrieved employees, brings this representative action against Defendants to recover the civil penalties due to himself, the members of the Classes, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code § 558 and § 2699 (a) and (f) including, but not limited to: (1) pursuant to Labor Code § 558(a), $50.00 for each initial violation of the Labor Code sections and/or Wage Order provisions referenced in Labor Code § 558(a) and $100.00 for each subsequent violation per employee per pay period, plus an amount sufficient to recover the unpaid wages; and (2)

pursuant to Labor Code § 2699(f)(2), $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the following Labor Code violations:

a.  Failing to pay Plaintiff Aldwin Marquis, the Overtime Class, and other similarly aggrieved employees all earned overtime compensation in violation of Labor Code §§ 226.2, 510, 558, 1194, and 1198;

b.  Failing to pay minimum wages for all hours worked to Plaintiff Aldwin Marquis, the Minimum Wage Class, and other similarly aggrieved employees in violation of Labor Code §§ 226.2, 558, 1182.12, 1194, 1194.2, 1197, and 1198;

c.  Failing to authorize and permit all legally required rest periods, and failure to pay rest period premium wages, to Plaintiff Aldwin Marquis, the Rest Period Class, and other similarly aggrieved employees at the regular rate of compensation in violation of Labor Code §§ 226.7, 512, 558, and 1198;

d.  Failing to furnish Plaintiff Aldwin Marquis, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code §§ 226 and 226.2;

e.  Failing to pay non-exempt employees all earned wages at least twice during each calendar month in violation of Labor Code § 204; and

f.  Failing to maintain accurate records on behalf of Plaintiff Aldwin Marquis and other similarly aggrieved employees in violation of Labor Code §§ 558 and 1174.

64.  On September 13, 2017, Plaintiff Aldwin Marquis notified Defendants via certified mail, and notified the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 et seq. with respect to violations of the California Labor Code identified in Paragraph 64 (a)-(f). Now that sixty-five days have passed from Plaintiff Aldwin Marquis' notifying Defendants and the LWDA of these violations, and the LWDA has not provided notice that it intends to investigate

1    the violations, Plaintiff Aldwin Marquis has exhausted his administrative requirements for

2    bringing a claim under the Private Attorneys General Act with respect to these violations.

3         65.    Plaintiff Aldwin Marquis was compelled to retain the services of counsel to file

4    this court action to protect his interests and the interests of other similarly aggrieved employees,

5    and to assess and collect the civil penalties owed by Defendants.  Plaintiff Aldwin Marquis has

6    thereby incurred attorneys' fees and costs, which he is entitled to receive under California Labor

7    Code § 2699(g).

8         66.    Plaintiff Aldwin Marquis was compelled to retain the services of counsel to file

9    this court action to protect his interests and the interests of other similarly aggrieved employees,

10   and to assess and collect the civil penalties owed by Defendants.  Plaintiff Aldwin Marquis has

11   thereby incurred attorneys' fees and costs, which he is entitled to receive under California Labor

12   Code § 2699(g).

13                                    **PRAYER**

14        WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose

15   behalf this suit is brought against Defendants, jointly and severally, as follows:

16        1.   For an order certifying the proposed Classes;

17        2.   For an order appointing Plaintiffs as representatives of the Classes;

18        3.   For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

19        4.   Upon the First Cause of Action, for compensatory, consequential, liquidated,

20   general and special damages pursuant to 29 U.S.C. §§ 207 and 216;

21        5.   Upon the Second Cause of Action, for compensatory, consequential, general and

22   special damages according to proof pursuant to Labor Code §§ 204, 226.2, 510, 558, 1194, and

23   1198;

24        6.   Upon the Third Cause of Action, for payment of minimum wages, liquidated

25   damages, and penalties according to proof pursuant to Labor Code §§ 226.2, 1182.12, 1194,

26   1194.2 and 1197;

27

28

1       7.   Upon the Fourth Cause of Action, for compensatory, consequential, general and

2  special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

3       8.   Upon the Fifth Cause of Action, for statutory wage statement penalties pursuant

4  to Labor Code §§ 226 and 226.2;

5       9.   Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to

6  Labor Code §§ 201- 203;

7       10. Upon the Seventh Cause of Action, for restitution to Plaintiffs and members of the

8  Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or

9  practices declared by this Court to be in violation of Business & Professions Code § 17200 *et*

10 *seq*.;

11      11.   Upon the Eighth Cause of Action, for civil penalties due to Plaintiff Aldwin

12 Marquis, other similarly aggrieved employees, and the State of California according to proof

13 pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for

14 each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee

15 per pay period plus an amount sufficient to recover the unpaid wages; and (2) $100.00 for each

16 initial violation and $200 for each subsequent violation per employee per pay period for the

17 violations of the Labor Code Sections cited in Labor Code § 2699.5;

18      12. Prejudgment interest on all due and unpaid wages pursuant to California Labor

19 Code § 218.6 and Civil Code §§ 3287 and 3289;

20      13. On all causes of action, for attorneys' fees and costs as provided by Labor Code

21 §§ 226, 1194 *et seq*., and 2699(g); and Code of Civil Procedure § 1021.5; and

22      14. For such other and further relief the Court may deem just and proper.

23

24 Dated: February 26, 2018
                       Respectfully submitted,
                       HAINES LAW GROUP, APC

25

26              By:     <u>Paul K. Haines</u>

27                     Paul K. Haines
                    Attorneys for Plaintiffs

28

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial with respect to all issues triable by jury.

Dated: February 26, 2018        HAINES LAW GROUP, APC

                                    By:     Paul K Haines
                                            Paul K. Haines
                                            Attorneys for Plaintiffs

Second Amended Class, Collective, and Representative Action Complaint

**PROOF OF SERVICE**

*Adam Gardiner, et al., v. TSYS Business Solutions, LLC, et al.*
Orange County Superior Court Case No. 30-2017-00942890-CU-OE-CXC

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **[X]** 222 N. Sepulveda Blvd., Suite 1550, El Segundo, California 90245.

    On February 28, 2018 I served the foregoing document(s) described as:

**STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT** on the interested party(ies) in this action as follows:

John R. Giovannone, Esq.
SEYFARTH SHAW LLP
333 S. Hope Street, Suite 3900
Los Angeles, California 90071-1406
Attorneys for Defendants TSYS BUSINESS SOLUTIONS, LLC, and TOTAL SYSTEM SERVICES, INC.

[   ] (BY MAIL) I am "readily familiar" with Haines Law Group, APC's practice of collection and processing correspondence for mailing.  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address(es) listed above. Under the practice the correspondence would be deposited with the U.S. postal service on the same day with postage thereof fully prepaid at El Segundo, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage date is more than one day after date of deposit for mailing in affidavit.

**[X]** (BY ELECTRONIC SERVICE) Electronic Filing through One Legal, the electronic filing system of the Orange County Superior Court, pursuant to Local Rules, which will send notification of such filing to the e-mail addresses denoted on the case's Electronic Service List.

**[X]** (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 28, 2018 at El Segundo, California.

                s/ Dana Joudi
                Dana Joudi

# EXHIBIT B

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/08/2017** at 04:09:04 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   **HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
2   phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
3   tkorobkin@haineslawgroup.com
Daniel J. Brown (SBN 307604)
4   dbrown@haineslawgroup.com
2274 East Maple Avenue
5   El Segundo, California 90245
Tel: (424) 292-2350
6   Fax: (424) 292-2355

7   Attorneys for Plaintiffs
ADAM GARDINER and ALDWIN MARQUIS
8

9   ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

10   ### COUNTY OF ORANGE

11

Judge Thierry Patrick Colaw

12   ADAM GARDINER and ALDWIN MARQUIS,
as individuals and on behalf of all others similarly   Case No. 30-2017-00942890-CU-OE-CXC
13   situated,
**CLASS ACTION COMPLAINT:**  CX-105
14
Plaintiffs,   **(1) OVERTIME WAGE**
15   **VIOLATIONS (LABOR CODE**
vs.   **§§ 204, 226.2, 510, 558, 1194,**
16   **1198);**

17   TSYS BUSINESS SOLUTIONS, LLC, f/k/a   **(2) MINIMUM WAGE**
TRANSFIRST, LLC, a Delaware limited liability   **VIOLATIONS (LABOR CODE**
18   company; TOTAL SYSTEM SERVICES, INC., a   **§§ 226.2, 1182.12, 1194, 1194.2,**
Georgia corporation; and DOES 1 through 100,   **1197);**
19
**(3) REST PERIOD VIOLATIONS**
20   Defendants.   **(LABOR CODE §§ 226.7, 516,**
**558);**
21
**(4) WAGE STATEMENT**
22   **VIOLATIONS (LABOR CODE**
**§ 226 *et seq.*, 226.2);**
23
**(5) WAITING TIME PENALTIES**
24   **(LABOR CODE §§ 201-203)**

25   **(6) UNFAIR COMPETITION**
**(BUS & PROF CODE § 17200**
26   ***et seq.*);**

**DEMAND FOR JURY TRIAL**
27   **UNLIMITED CIVIL CASE**

28

1
Class Action Complaint

Exhibit B
Page 34

1           Plaintiffs Adam Gardiner and Aldwin Marquis (collectively "Plaintiffs"), on behalf of

2    themselves and all others similarly situated, hereby bring this Class Action Complaint against

3    Defendants TSYS Business Solutions, LLC, formerly known as TransFirst, LLC, a Delaware

4    limited liability company; Total System Services, Inc., a Georgia corporation; and DOES 1 to

5    100 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

6                                     **JURISDICTION**

7           1.     Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring

8    this class action for recovery of unpaid wages and penalties under California Labor Code §§

9    201-204, 226, 226.2, 226.7, 510, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, California

10   Business & Professions Code §17200 *et. seq.* and Industrial Welfare Commission Wage Order

11   No. 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution.  This class

12   action is brought pursuant to California Code of Civil Procedure 382.  This Court has

13   jurisdiction over Defendants' violations of the California Labor Code because the amount in

14   controversy exceeds this Court's jurisdictional minimum.

15                                     **VENUE**

16          2.     Venue as to each Defendant is proper in this judicial district pursuant to

17   California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and

18   omissions complained of herein occurred in the County of Orange.  Further, at all times relevant

19   herein Plaintiffs were (or are) employed by Defendants within the County of Orange.

20                                     **PARTIES**

21          3.     Plaintiffs are individuals over the age of eighteen (18).  At all relevant times

22   herein, Plaintiffs were, and currently are, California residents.  During the four years

23   immediately preceding the filing of the Complaint in this action and within the statute of

24   limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by

25   Defendants as non-exempt employees.  Plaintiffs were, and are, victims of Defendants' policies

26   and/or practices complained of herein, lost money and/or property, and have been deprived of

27   the rights guaranteed to them by California Labor Code §§ 201-203, 226, 226.2, 226.7, 510,

28   516, 558, 1182.12, 1194, 1194.2, 1197, 1198, California Business & Professions Code § 17200

Class Action Complaint

1   *et seq.* ("Unfair Competition Law"), and Wage Order 4, which sets employment standards for

2   "professional, technical, clerical, mechanical and similar occupations," including salespersons.

3        4.    Plaintiffs are informed and believe, and based thereon allege, that during the four

4   years preceding the filing of the Complaint and continuing to the present, Defendants did (and

5   do) business by operating a company that provides credit card processing, debit card processing,

6   and other payment processing services for retailers and merchants within the County of Orange,

7   and employed Plaintiffs and other, similarly-situated hourly non-exempt employees within the

8   County of Orange and, therefore, were (and are) doing business in the County of Orange and the

9   State of California.

10        5.    Founded in 1995, Defendant TSYS Business Solutions, LLC, formerly known as

11   TransFirst, LLC ("TransFirst"), is one of the largest providers of secure payment processing in

12   the United States, serving more than 235,000 merchants, financial institutions, and sales partners

13   and employing over 1,000 employees nationwide.  TransFirst maintains a facility in Cypress,

14   California, as well as other offices nationwide.  In or around 2016, Defendant Total System

15   Services, Inc. ("TSYS") acquired TransFirst.

16        6.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned

17   herein, Defendants were licensed to do business in California and the County of Orange, and

18   were the employers of Plaintiffs and the Classes (as defined in Paragraph 15).

19        7.    Plaintiffs do not know the true names, capacities, relationships and/or the extent

20   of participation of Defendants DOES 1 through 100, inclusive, in the conduct alleged in this

21   Complaint.  For that reason, Defendants DOES 1 through 100, inclusive, are sued under such

22   fictitious names.  Plaintiffs pray for leave to amend this Complaint when the true names and

23   capacities are known.  Plaintiffs are informed and believe, and based thereon allege, that each

24   fictitiously named defendant is and was responsible in some way for the alleged wage and hour

25   violations and other wrongful conduct which subjected Plaintiffs and the Classes, as defined

26   below, to the illegal employment practices, wrongs and injuries complained of herein.  All

27   references in this Complaint to "Defendants" shall be deemed to include all DOE Defendants.

28   ///

1       8.     At all times herein mentioned, each of said Defendants participated in the doing

2  of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

3  Defendants, and each of them, were the agents, servants, and employees of each and every one of

4  the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned

5  were acting within the course and scope of said agency and employment.  Defendants, and each

6  of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or

7  omissions complained of herein.

8       9.     At all times mentioned herein, Defendants, and each of them, were members of

9  and engaged in a joint venture, partnership, and common enterprise, and acting within the course

10  and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further,

11  Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all

12  members of the Classes (as defined in Paragraph 15).

## GENERAL FACTUAL ALLEGATIONS

14      10.    Plaintiff Aldwin Marquis has been employed by Defendants since approximately

15  June 2012 as a non-exempt Account executive at Defendants' facility in Cypress, California, and

16  is still currently employed by Defendants.

17      11.    Plaintiff Adam Gardiner was employed by Defendants during the putative class

18  period as a non-exempt sales representative at Defendants' Cypress, California facility, and his

19  employment with Defendants ended in approximately January 2015.

20      12.    During Plaintiffs' employment with Defendants, Plaintiffs were paid on a

21  commission basis, whereby Plaintiffs were paid commissions based on services and/or

22  equipment that Plaintiffs sold to Defendants' customers.  However, Plaintiffs were not separately

23  compensated for time spent working on tasks which did not generate commissions, including for

24  example, time spent attending meetings, and working on other accounts for which they were not

25  earning commissions, (i.e., non-productive time), thereby resulting in Plaintiffs not being paid at

26  least the minimum wage for all hours worked.  In addition, on those occasions where Plaintiffs

27  worked over eight hours in a workday and/or over 40 hours in a workweek, Defendants' failure

28

1  to compensate Plaintiffs separately for all non-productive time resulted in Plaintiffs not being

2  paid all overtime compensation owed.

3       13.    Plaintiffs worked shifts in excess of 3.5 hours, and were never provided with a

4  paid rest period for every 4 hour period worked, or major fraction thereof, because Defendants'

5  commission-based compensation plan failed to separately compensate Plaintiffs for required rest

6  periods. *See Bluford v. Safeway Inc.,* 216 Cal. App. 4th 864 (2013) (holding that where

7  employees are paid on an "activity-based compensation system," employers must pay employees

8  separately for rest periods, and finding that "[t]here is no dispute that Safeway's activity-based

9  compensation system did not separately compensate drivers for their rest periods."); *Vaquero v.*

10 *Stoneledge Furniture LLC,* 9 Cal.App.5th 98, 110-11 (holding that the requirement to pay

11 separately for rest periods "applies equally to commissioned salespersons"). As a result,

12 Plaintiffs were not paid all minimum wages and/or overtime wages owed. In addition, despite

13 failing to authorize and permit Plaintiffs to take paid 10-minute rest periods, Defendants failed to

14 pay Plaintiffs the premium wages they were owed under Labor Code § 226.7.

15      14.    As a result of Defendants' failure to pay all minimum wages, overtime wages, and

16 rest period premium wages, Defendants maintained inaccurate payroll records, issued inaccurate

17 wage statements, and did not pay Plaintiff Gardiner and other former non-exempt employees all

18 wages owed at the time of their separation from employment with Defendants.

19                     **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

20      15.    Class Definitions: Plaintiffs bring this action on behalf of themselves and the

21 following Classes pursuant to Section 382 of the Code of Civil Procedure:

22      a.    The **Minimum Wage Class** consists of: (i) all of TransFirst's current and former

23 non-exempt sales representatives, Account Executives, and similar job titles or job duties, in

24 California who were paid pursuant to Defendants' commission-based compensation plan(s), at

25 any time from May 24, 2016[1] through the present date; and (ii) all of TSYS' current and former

26

27 [1] A prior class action settlement in the case of <u>Benjamin Nable v. TransFirst, LLC, et al</u>, U.S.

28 District Court, Central District of California Case No. 8:15-cv-00891-DOC-JCG, resolved
Plaintiffs' minimum wage and overtime claims against TransFirst through May 23, 2016.

5

1  non-exempt sales representatives, Account Executives, and similar job titles or job duties, in

2  California who were paid pursuant to Defendants' commission-based compensation plan(s), at

3  any time from four years preceding the filing of the Complaint through the present date.

4       b.     The **Overtime Class** consists of (i) all of TransFirst's current and former non-

5  exempt sales representatives, Account Executives, and similar job titles or job duties, in

6  California who were paid pursuant to Defendants' commission-based compensation plan(s), at

7  any time from May 24, 2016 through the present date; and (ii) all of TSYS' current and former

8  non-exempt sales representatives, Account Executives, and similar job titles or job duties, in

9  California who were paid pursuant to Defendants' commission-based compensation plan(s), at

10  any time from four years preceding the filing of the Complaint through the present date.

11       c.     The **Rest Period Class** consists of all Defendants' current and former non-

12  exempt sales representatives, Account Executives, and similar job titles or job duties, in

13  California who were paid pursuant to Defendants' commission-based compensation plan(s), and

14  worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the

15  filing of the Complaint through the present date.

16       d.     The **Wage Statement Class** consists of: (i) all members of the Minimum Wage

17  Class, Overtime Class, and/or Rest Period Class, who received a wage statement during the one

18  year immediately preceding the filing of the Complaint through the present.

19       e.     The **Waiting Time Class** consists of all formerly employed members of the

20  Minimum Wage Class, Overtime Class, and/or Rest Period Class, who separated their

21  employment from Defendants during the three years immediately preceding the filing of the

22  Complaint through the present date.

23       16.     **Numerosity/Ascertainability:**  The members of the Classes are so numerous that

24  joinder of all members would be unfeasible and not practicable. The membership of the classes

25  and subclasses are unknown to Plaintiffs at this time; however, it is estimated that the Classes

26  number greater than one-hundred (100) individuals as to each Class. The identity of such

27  membership is readily ascertainable via inspection of Defendants' employment records.

28  ///

17. **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest:** There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i. Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 226.2, 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii. Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 226.2, 1182.12, 1194, 1194.2 and1197 by failing to pay all members of the Minimum Wage Class at least the minimum wage for all hours worked;

iii. Whether Defendants' policies and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of separation from employment were unlawful;

iv. Whether Defendants' rest period policies and/or practices violated California law;

v. Whether Defendants' record keeping policies and practices were compliant with California law; and

vi. Whether the wage statements issued by Defendants were compliant with California law.

18. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

19. **Typicality:** Plaintiffs' claims are typical of the claims of the Classes because Plaintiffs were employed by Defendants as non-exempt, commission-based employees in California during the statutes of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiffs, like the members of the Classes, were

1    deprived of all minimum and overtime wages, were not provided with all legally complaint rest

2    periods, received non-compliant wage statements, and (in the case of Plaintiff Gardiner) did not

3    receive all wages owed at the time of separation.

4          20.   **Adequacy of Representation:**  Plaintiffs are fully prepared to take all necessary

5    steps to represent fairly and adequately the interests of the members of the Classes.  Moreover,

6    Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of

7    the Classes and Plaintiffs.  Plaintiffs' attorneys have prosecuted and defended numerous wage-

8    and-hour class actions in state and federal courts in the past and are committed to vigorously

9    prosecuting this action on behalf of the members of the classes.

10         21.   **Superiority:**  The California Labor Code is broadly remedial in nature and serves

11   an important public interest in establishing minimum working conditions and standards in

12   California.  These laws and labor standards protect the average working employee from

13   exploitation by employers who have the responsibility to follow the laws and who may seek to

14   take advantage of superior economic and bargaining power in setting onerous terms and

15   conditions of employment.  The nature of this action and the format of laws available to

16   Plaintiffs and members of the Classes make the class action format a particularly efficient and

17   appropriate procedure to redress the violations alleged herein.  If each employee were required to

18   file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since

19   they would be able to exploit and overwhelm the limited resources of each individual plaintiff

20   with their vastly superior financial and legal resources.  Moreover, requiring each member of the

21   Classes to pursue an individual remedy would also discourage the assertion of lawful claims by

22   employees who would be disinclined to file an action against their former and/or current

23   employer for real and justifiable fear of retaliation and permanent damages to their careers at

24   subsequent employment.  Further, the prosecution of separate actions by the individual class

25   members, even if possible, would create a substantial risk of inconsistent or varying verdicts or

26   adjudications with respect to the individual class members against Defendants herein; and which

27   would establish potentially incompatible standards of conduct for Defendants; and/or legal

28   determinations with respect to individual class members which would, as a practical matter, be

1    dispositive of the interest of the other class members not parties to adjudications or which would

2    substantially impair or impede the ability of the class members to protect their interests. Further,

3    the claims of the individual members of the class are not sufficiently large to warrant vigorous

4    individual prosecution considering all of the concomitant costs and expenses attending thereto.

5         22.    As such, each of the Classes identified in Paragraph 15 is maintainable as a Class

6    under Section 382 of the Code of Civil Procedure.

7    **FIRST CAUSE OF ACTION**

8    **OVERTIME WAGE VIOLATIONS**

9    **(AGAINST ALL DEFENDANTS)**

10        23.    Plaintiffs re-allege and incorporate by reference all prior paragraphs as though

11   fully set forth herein.

12        24.    This cause of action is brought on behalf of the Overtime Class pursuant to Labor

13   Code §§ 204, 226.2, 510, 558, 1194, and 1198, which provide that non-exempt employees are

14   entitled to all overtime wages and compensation for overtime hours worked, including for rest

15   periods and other non-productive time, and provide a private right of action for the failure to pay

16   all overtime compensation for overtime work performed.

17        25.    At all times relevant herein, Defendants were required to properly compensate

18   non-exempt commissioned sales representatives, including Plaintiffs and members of the

19   Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and

20   Wage Order 4.  Wage Order 4, § 3 requires an employer to pay an employee "one and one-half

21   (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or

22   in excess of 40 hours of work in the workweek.  Wage Order 4, § 3 also requires an employer to

23   pay an employee double the employee's regular rate of pay for work in excess of 12 hours each

24   work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the

25   workweek.

26        26.    Plaintiffs are informed and believe, and based thereon allege, that Defendants

27   caused Plaintiffs and members of the Overtime Class to work overtime hours, but failed to fully

28   compensate Plaintiffs or members of the Overtime Class at one and a half times their regular rate

9

1  of pay for such hours due to their policy/practice of not compensating commissioned sales

2  representatives separately for rest periods or other non-productive time.

3      27.    Defendants' policy and practice of requiring overtime work and not paying at the

4  proper overtime rates for all overtime work violates California Labor Code §§ 204, 226.2, 510,

5  558, 1194, and 1198, and Wage Order 4.

6      28.    The foregoing policies and practices are unlawful and create an entitlement to

7  recovery by Plaintiffs and members of the Overtime Class in a civil action for the unpaid amount

8  of overtime premiums owing, including interest thereon, statutory penalties, civil penalties,

9  attorney's fees, and costs of suit according to California Labor Code §§ 204, 226.2, 510, 558,

10  1194, 1198, and Code of Civil Procedure § 1021.5.

11  **SECOND CAUSE OF ACTION**

12  **MINIMUM WAGE VIOLATIONS**

13  **(AGAINST ALL DEFENDANTS)**

14      29.    Plaintiffs re-allege and incorporate by reference all prior paragraphs as though

15  fully set forth herein.

16      30.    Wage Order 4, § 4 and California Labor Code §§ 226.2, 1197 and 1182.12

17  establish the right of employees to be paid minimum wages for all hours worked, in amounts set

18  by state law, including for rest periods and other non-productive time.  Labor Code §§ 1194(a)

19  and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as

20  required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and

21  costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest

22  accrued thereon.

23      31.    At all relevant times herein, Defendants failed to conform their pay practices to

24  the requirements of the law.  This unlawful conduct includes, but is not limited to, Defendants'

25  uniform commission compensation structure for members of the Minimum Wage Class, which

26  resulted in these individuals not being paid separately for rest periods or other non-productive

27  time.  Accordingly, Plaintiffs and members of the Minimum Wage Class were not compensated

28  for all hours worked including, but not limited to, all hours they were subject to the control of

10

1  Defendants and/or suffered or permitted to work under the California Labor Code and Wage

2  Order 4.

3      32.     Defendants' policy and practice of not paying all minimum wages violates

4  California Labor Code §§ 204, 226.2, 558, 1182.12, 1197.1, 1198, and Wage Order 4.

5      33.     Such a practice and uniform administration of corporate policy regarding illegal

6  employee compensation is unlawful and creates an entitlement to recovery by Plaintiffs and

7  members of the Minimum Wage Class in a civil action for the unpaid amount of minimum

8  wages, liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and

9  costs of suit according to California Labor Code §§ 204, 226.2, 558, 1194 *et seq.*, 1194.2, 1198,

10  and Code of Civil Procedure § 1021.5.

11      34.     As a consequence of Defendants' non-payment of minimum wages, Plaintiffs and

12  members of the Minimum Wage Class seek penalties pursuant to Wage Order 4, § 20(A) and

13  California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and

14  Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2;

15  and attorneys' fees and costs of suit pursuant to California Labor Code § 1194 *et seq.*

16                          **THIRD CAUSE OF ACTION**

17                          **REST PERIOD VIOLATIONS**

18                          **(AGAINST ALL DEFENDANTS)**

19      35.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though

20  fully set forth herein.

21      36.     Wage Order 4, § 12 and California Labor Code §§ 226.7, 516 and 558 establish

22  the right of employees to be authorized and permitted to take a paid rest period of at least ten

23  (10) minutes for each four (4) hour period worked, or major fraction thereof.

24      37.     Defendants failed to separately compensate Plaintiffs and members of the Rest

25  Period Class for each rest period to which they were entitled while working on a commission

26  compensation plan, and therefore failed to authorize and permit paid rest periods as required by

27  law.

28  ///

Class Action Complaint

38.     The foregoing violations create an entitlement to recovery by Plaintiffs and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, attorney's fees, and costs of suit pursuant to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

### FOURTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### (AGAINST ALL DEFENDANTS)

39.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

40.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiffs and members of the Wage Statement Class with accurate and complete wage statements regarding their total regular hours worked, total overtime hours worked, total rest and recovery periods, total non-productive time worked, total rest period premium wages earned, total gross wages earned, and total net wages earned, in violation of Labor Code §§ 226 and 226.2.

41.     Defendants' failure to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their minimum and overtime wages and rest period premiums wages, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

42.     Defendants' failures create an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code §§ 226 and 226.2, including statutory penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.2.

///

///

///

Class Action Complaint

### FIFTH CAUSE OF ACTION

#### WAITING TIME PENALTIES

#### (AGAINST ALL DEFENDANTS)

43.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

44.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages earned immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

45.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to timely pay Plaintiff Gardiner and members of the Waiting Time Class all final wages due to them at the time of their separation which includes, among other things, underpaid overtime and minimum wages and rest period premium wages.  Further, Plaintiffs are informed and believe, and based thereon allege, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

46.     Defendants' willful failure to timely pay Plaintiff Gardiner and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff Gardiner and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

///

///

///

///

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

47.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

48.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business & Professions Code § 17200 *et seq.*, by: (a) failing to pay Plaintiffs and members of the Minimum Wage Class at least the minimum wage for all hours actually worked; (b) failing to pay Plaintiffs and members of the Overtime Class overtime wages for all overtime hours actually worked; (c) failing to pay Plaintiffs and members of the Rest Period Class rest period premium wages for each rest period violation; (d) failing to issue compliant wage statements to Plaintiffs and members of the Wage Statement Class; and (e) failing to pay Plaintiff Gardiner and members of the Waiting Time Class all earned wages at the time of their separation.

49.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

50.     Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs, for themselves and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business & Professions Code §§ 17203 and 17208.

51.     The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

52.     Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution, and to enforce important

1   rights affecting the public interest. Plaintiffs thereby incurred the financial burden of attorneys'

2   fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

3                                            **PRAYER**

4          WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose

5   behalf this suit is brought against Defendants, jointly and severally, as follows:

6               1.   For an order certifying the proposed Classes;

7               2.   For an order appointing Plaintiffs as representatives of the Classes;

8               3.   For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

9               4.   Upon the First Cause of Action, for compensatory, consequential, general and

10   special damages according to proof pursuant to Labor Code §§ 204, 226.2, 510, 558, 1194, and

11   1198;

12              5.   Upon the Second Cause of Action, for payment of minimum wages, liquidated

13   damages, and penalties according to proof pursuant to Labor Code §§ 226.2, 1182.12, 1194,

14   1194.2 and 1197;

15              6.   Upon the Third Cause of Action, for compensatory, consequential, general and

16   special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

17              7.   Upon the Fourth Cause of Action, for statutory wage statement penalties pursuant

18   to Labor Code §§ 226 and 226.2;

19              8.   Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to

20   Labor Code §§ 201- 203;

21              9.   Upon the Sixth Cause of Action, for restitution to Plaintiffs and members of the

22   Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or

23   practices declared by this Court to be in violation of Business & Professions Code § 17200 *et*

24   *seq.*;

25              10. Prejudgment interest on all due and unpaid wages pursuant to California Labor

26   Code § 218.6 and Civil Code §§ 3287 and 3289;

27              11. On all causes of action, for attorneys' fees and costs as provided by Labor Code

28   §§ 226, 1194 *et seq.*, and Code of Civil Procedure § 1021.5; and

                                               15

1    12. For such other and further relief the Court may deem just and proper.

2

3    Dated:  September 8, 2017                Respectfully submitted,
                                             HAINES LAW GROUP, APC

4

5                                    By:  _____

6                                             Paul K. Haines
                                             Attorneys for Plaintiffs

7

8                            **DEMAND FOR JURY TRIAL**

9        Plaintiffs hereby demands a jury trial with respect to all issues triable by jury.

10

11   Dated:  September 8, 2017                HAINES LAW GROUP, APC

12

13                                   By:  _____

                                             Paul K. Haines
                                             Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   16
                         Class Action Complaint

1 | **HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
2 | phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
3 | tkorobkin@haineslawgroup.com
Daniel J. Brown (SBN 307604)
4 | dbrown@haineslawgroup.com
2274 East Maple Avenue
5 | El Segundo, California 90245
Tel: (424) 292-2350
6 | Fax: (424) 292-2355

7 | Attorneys for Plaintiffs
ADAM GARDINER, ALDWIN MARQUIS,
8 | and JOSEPH GRECO

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

**COUNTY OF ORANGE**

11

12 | ADAM GARDINER and, ALDWIN MARQUIS, | Case No. 30-2017-00942890-CU-OE-CXC

13 | as individuals and on behalf of all others similarly situated, | **FIRST AMENDED CLASS AND REPRESENTATIVE ACTION**

14 | | **COMPLAINT:**

15 | Plaintiffs, | **(1)  OVERTIME WAGE**

16 | vs. | **VIOLATIONS (LABOR CODE §§ 204, 226.2, 510, 558, 1194, 1198);**

17 | |

18 | TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC, a Delaware limited liability | **(2)  MINIMUM WAGE VIOLATIONS (LABOR CODE**

19 | company; TOTAL SYSTEM SERVICES, INC., a Georgia corporation; and DOES 1 through 100, | **§§ 226.2, 1182.12, 1194, 1194.2, 1197);**

20 | | **(3)  REST PERIOD VIOLATIONS**

21 | Defendants. | **(LABOR CODE §§ 226.7, 516, 558);**

22 | | **(4)  WAGE STATEMENT**

23 | | **VIOLATIONS (LABOR CODE § 226 *et seq.*, 226.2);**

24 | | **(5)  WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**

25 | | **(6)  UNFAIR COMPETITION**

26 | | **(BUS & PROF CODE § 17200 *et seq.*); and**

27 | | **(7)  CIVIL PENALTIES UNDER**

28 | | **THE PRIVATE ATTORNEYS**

1

First Amended Class and Representative Action Complaint

RECEIVED
NOV 30 2017
BY:

**GENERAL ACT (LABOR CODE § 2698 *et seq.*).**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

Plaintiffs Adam Gardiner, Aldwin Marquis, and Joseph Greco (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby bring this First Amended Class and Representative Action Complaint against Defendants TSYS Business Solutions, LLC, formerly known as TransFirst, LLC, a Delaware limited liability company; Total System Services, Inc., a Georgia corporation; and DOES 1 to 100 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this class action for recovery of unpaid wages and penalties under California Labor Code §§ 201-204, 226, 226.2, 226.7, 510, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and 2698 *et seq.*; California Business & Professions Code §17200 *et. seq.* and Industrial Welfare Commission Wage Order No. 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution. This class action is brought pursuant to California Code of Civil Procedure 382.  This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2.      Venue as to each Defendant is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in the County of Orange.  Further, at all times relevant herein Plaintiffs were (or are) employed by Defendants within the County of Orange.

## PARTIES

3.      Plaintiffs are individuals over the age of eighteen (18).  At all relevant times herein, Plaintiffs were, and currently are, California residents.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of

2

First Amended Class and Representative Action Complaint

1   limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by

2   Defendants as non-exempt employees.  Plaintiffs were, and are, victims of Defendants' policies

3   and/or practices complained of herein, lost money and/or property, and have been deprived of

4   the rights guaranteed to them by California Labor Code §§ 201-203, 226, 226.2, 226.7, 510,

5   516, 558, 1182.12, 1194, 1194.2, 1197, 1198, California Business & Professions Code § 17200

6   *et seq.* ("Unfair Competition Law"), and Wage Order 4, which sets employment standards for

7   "professional, technical, clerical, mechanical and similar occupations," including salespersons.

8        4.      Plaintiffs are informed and believe, and based thereon allege, that during the four

9   years preceding the filing of the Complaint and continuing to the present, Defendants did (and

10  do) business by operating a company that provides credit card processing, debit card processing,

11  and other payment processing services for retailers and merchants within the County of Orange,

12  and employed Plaintiffs and other, similarly-situated hourly non-exempt employees within the

13  County of Orange and, therefore, were (and are) doing business in the County of Orange and the

14  State of California.

15       5.      Founded in 1995, Defendant TSYS Business Solutions, LLC, formerly known as

16  TransFirst, LLC ("TransFirst"), is one of the largest providers of secure payment processing in

17  the United States, serving more than 235,000 merchants, financial institutions, and sales partners

18  and employing over 1,000 employees nationwide.  TransFirst maintains a facility in Cypress,

19  California, as well as other offices nationwide.  In or around 2016, Defendant Total System

20  Services, Inc. ("TSYS") acquired TransFirst.

21       6.      Plaintiffs are informed and believe, and thereon allege, that at all times mentioned

22  herein, Defendants were licensed to do business in California and the County of Orange, and

23  were the employers of Plaintiffs and the Classes (as defined in Paragraph 16).

24       7.      Plaintiffs do not know the true names, capacities, relationships and/or the extent

25  of participation of Defendants DOES 1 through 100, inclusive, in the conduct alleged in this

26  Complaint.  For that reason, Defendants DOES 1 through 100, inclusive, are sued under such

27  fictitious names.  Plaintiffs pray for leave to amend this Complaint when the true names and

28  capacities are known.  Plaintiffs are informed and believe, and based thereon allege, that each

First Amended Class and Representative Action Complaint

1  fictitiously named defendant is and was responsible in some way for the alleged wage and hour

2  violations and other wrongful conduct which subjected Plaintiffs and the Classes, as defined

3  below, to the illegal employment practices, wrongs and injuries complained of herein.   All

4  references in this Complaint to "Defendants" shall be deemed to include all DOE Defendants.

5       8.      At all times herein mentioned, each of said Defendants participated in the doing

6  of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

7  Defendants, and each of them, were the agents, servants, and employees of each and every one of

8  the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned

9  were acting within the course and scope of said agency and employment.  Defendants, and each

10  of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or

11  omissions complained of herein.

12      9.      At all times mentioned herein, Defendants, and each of them, were members of

13  and engaged in a joint venture, partnership, and common enterprise, and acting within the course

14  and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further,

15  Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all

16  members of the Classes (as defined in Paragraph 16).

17                              **GENERAL FACTUAL ALLEGATIONS**

18      10.     Plaintiff Aldwin Marquis has been employed by Defendants since approximately

19  June 2012 as a non-exempt Account executive at Defendants' facility in Cypress, California, and

20  is still currently employed by Defendants.

21      11.     Plaintiff Adam Gardiner was employed by Defendants during the putative class

22  period as a non-exempt sales representative at Defendants' Cypress, California facility, and his

23  employment with Defendants ended in approximately January 2015.

24      12.     Plaintiff Joseph Greco was employed by Defendants during the putative class

25  period as a non-exempt sales representative at Defendants' Cypress, California facility.

26      13.     During Plaintiffs' employment with Defendants, Plaintiffs were paid on a

27  commission basis, whereby Plaintiffs were paid commissions based on services and/or

28  equipment that Plaintiffs sold to Defendants' customers.  However, Plaintiffs were not separately

1 compensated for time spent working on tasks which did not generate commissions, including for

2 example, time spent attending meetings, and working on other accounts for which they were not

3 earning commissions, (i.e., non-productive time), thereby resulting in Plaintiffs not being paid at

4 least the minimum wage for all hours worked.  In addition, on those occasions where Plaintiffs

5 worked over eight hours in a workday and/or over 40 hours in a workweek, Defendants' failure

6 to compensate Plaintiffs separately for all non-productive time resulted in Plaintiffs not being

7 paid all overtime compensation owed.

8       14.    Plaintiffs worked shifts in excess of 3.5 hours, and were never provided with a

9 paid rest period for every 4 hour period worked, or major fraction thereof, because Defendants'

10 commission-based compensation plan(s) that do not separately compensate for every hour

11 worked (e.g., recoverable draw based plans), failed to separately compensate Plaintiffs for

12 required rest periods.  *See Bluford v. Safeway Inc.,* 216 Cal. App. 4th 864 (2013) (holding that

13 where employees are paid on an "activity-based compensation system," employers must pay

14 employees separately for rest periods, and finding that "[t]here is no dispute that Safeway's

15 activity-based compensation system did not separately compensate drivers for their rest

16 periods."); *Vaquero v. Stoneledge Furniture LLC*, 9 Cal.App.5th 98, 110-11 (holding that the

17 requirement to pay separately for rest periods "applies equally to commissioned salespersons").

18 As a result, Plaintiffs were not paid all minimum wages and/or overtime wages owed.  In

19 addition, despite failing to authorize and permit Plaintiffs to take paid 10-minute rest periods,

20 Defendants failed to pay Plaintiffs the premium wages they were owed under Labor Code §

21 226.7.

22       15.    As a result of Defendants' failure to pay all minimum wages, overtime wages, and

23 rest period premium wages, Defendants maintained inaccurate payroll records, issued inaccurate

24 wage statements, and did not pay Plaintiff Gardiner and other former non-exempt employees all

25 wages owed at the time of their separation from employment with Defendants.

26           **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

27       16.    Class Definitions: Plaintiffs bring this action on behalf of themselves and the

28 following Classes pursuant to Section 382 of the Code of Civil Procedure:

1         a.     The **<u>Minimum Wage Class</u>** consists of: (i) all of TransFirst's current and former

2    non-exempt sales representatives, Account Executives, and similar job titles or job duties, in

3    California who were paid pursuant to Defendants' commission-based compensation plan(s) that

4    do not separately compensate for every hour worked (e.g., recoverable draw based plans)[1]; and

5    (ii) all of TSYS' current and former non-exempt sales representatives, Account Executives, and

6    similar job titles or job duties, in California who were paid pursuant to Defendants' commission-

7    based compensation plan(s) that do not separately compensate for every hour worked (e.g.,

8    recoverable draw based plans), at any time from four years preceding the filing of the original

9    Complaint through the present date.

10        b.     The **<u>Overtime Class</u>** consists of (i) all of TransFirst's current and former non-

11   exempt sales representatives, Account Executives, and similar job titles or job duties, in

12   California who were paid pursuant to Defendants' commission-based compensation plan(s) that

13   do not separately compensate for every hour worked (e.g., recoverable draw based plans); and

14   (ii) all of TSYS' current and former non-exempt sales representatives, Account Executives, and

15   similar job titles or job duties, in California who were paid pursuant to Defendants' commission-

16   based compensation plan(s) that do not separately compensate for every hour worked (e.g.,

17   recoverable draw based plans), at any time from four years preceding the filing of the original

18   Complaint through the present date.

19        c.     The **<u>Rest Period Class</u>** consists of all Defendants' current and former non-

20   exempt sales representatives, Account Executives, and similar job titles or job duties, in

21   California who were paid pursuant to Defendants' commission-based compensation plan(s) that

22   do not separately compensate for every hour worked (e.g., recoverable draw based plans), and

23   worked at least one shift in excess of 3.5 hours, during the four years immediately preceding the

24   filing of the original Complaint through the present date.

25

26

27       [1] With respect to those individuals who participated in a prior class action settlement entitled, *Benjamin Nable v. TransFirst, LLC, et al*, United States District Court, Central District of

28   California Case No. 8:15-cv-00891-DOC-JCG, their minimum wage and overtime claims would be released against TransFirst through May 23, 2016.

d.      The **Wage Statement Class** consists of: (i) all members of the Minimum Wage

Class, Overtime Class, and/or Rest Period Class, who received a wage statement during the one

year immediately preceding the filing of the original Complaint through the present.

e.      The **Waiting Time Class** consists of all formerly employed members of the

Minimum Wage Class, Overtime Class, and/or Rest Period Class, who separated their

employment from Defendants during the three years immediately preceding the filing of the

original Complaint through the present date.

17.     **Numerosity/Ascertainability:**  The members of the Classes are so numerous that

joinder of all members would be unfeasible and not practicable. The membership of the classes

and subclasses are unknown to Plaintiffs at this time; however, it is estimated that the Classes

number greater than one-hundred (100) individuals as to each Class. The identity of such

membership is readily ascertainable via inspection of Defendants' employment records.

18.     **Common Questions of Law and Fact Predominate/Well-Defined Community**

**of Interest:** There are common questions of law and fact as to Plaintiffs and all other similarly

situated employees, which predominate over questions affecting only individual members

including, without limitation to:

i.      Whether Defendants violated the applicable Labor Code provisions including, but

not limited to §§ 226.2, 510 and 1194 by requiring overtime work and not paying for said work

according to the overtime laws of the State of California;

ii.     Whether Defendants violated the applicable Labor Code provisions including, but

not limited to §§ 226.2, 1182.12, 1194, 1194.2 and1197 by failing to pay all members of the

Minimum Wage Class at least the minimum wage for all hours worked;

iii.    Whether Defendants' policies and/or practices for the timing and amount of

payment of final wages to members of the Waiting Time Class at the time of separation from

employment were unlawful;

iv.     Whether Defendants' rest period policies and/or practices violated California law;

v.      Whether Defendants' record keeping policies and practices were compliant with

California law; and

7

First Amended Class and Representative Action Complaint

vi.    Whether the wage statements issued by Defendants were compliant with California law.

19.    **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member.  As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

20.    **Typicality:**  Plaintiffs' claims are typical of the claims of the Classes because Plaintiffs were employed by Defendants as non-exempt, commission-based employees in California during the statutes of limitation applicable to each cause of action pled in the Complaint in this action.  As alleged herein, Plaintiffs, like the members of the Classes, were deprived of all minimum and overtime wages, were not provided with all legally complaint rest periods, received non-compliant wage statements, and (in the case of Plaintiff Gardiner) did not receive all wages owed at the time of separation.

21.    **Adequacy of Representation:**  Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.  Moreover, Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiffs.  Plaintiffs' attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

22.    **Superiority:**  The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and

1   appropriate procedure to redress the violations alleged herein.  If each employee were required to

2   file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since

3   they would be able to exploit and overwhelm the limited resources of each individual plaintiff

4   with their vastly superior financial and legal resources.  Moreover, requiring each member of the

5   Classes to pursue an individual remedy would also discourage the assertion of lawful claims by

6   employees who would be disinclined to file an action against their former and/or current

7   employer for real and justifiable fear of retaliation and permanent damages to their careers at

8   subsequent employment.  Further, the prosecution of separate actions by the individual class

9   members, even if possible, would create a substantial risk of inconsistent or varying verdicts or

10  adjudications with respect to the individual class members against Defendants herein; and which

11  would establish potentially incompatible standards of conduct for Defendants; and/or legal

12  determinations with respect to individual class members which would, as a practical matter, be

13  dispositive of the interest of the other class members not parties to adjudications or which would

14  substantially impair or impede the ability of the class members to protect their interests. Further,

15  the claims of the individual members of the class are not sufficiently large to warrant vigorous

16  individual prosecution considering all of the concomitant costs and expenses attending thereto.

17       23.     As such, each of the Classes identified in Paragraph 16 is maintainable as a Class

18  under Section 382 of the Code of Civil Procedure.

19                          **FIRST CAUSE OF ACTION**

20                          **OVERTIME WAGE VIOLATIONS**

21                          **(AGAINST ALL DEFENDANTS)**

22       24.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though

23  fully set forth herein.

24       25.     This cause of action is brought on behalf of the Overtime Class pursuant to Labor

25  Code §§ 204, 226.2, 510, 558, 1194, and 1198, which provide that non-exempt employees are

26  entitled to all overtime wages and compensation for overtime hours worked, including for rest

27  periods and other non-productive time, and provide a private right of action for the failure to pay

28  all overtime compensation for overtime work performed.

First Amended Class and Representative Action Complaint

26.     At all times relevant herein, Defendants were required to properly compensate non-exempt commissioned sales representatives, including Plaintiffs and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 4.  Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek.  Wage Order 4, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

27.     Plaintiffs are informed and believe, and based thereon allege, that Defendants caused Plaintiffs and members of the Overtime Class to work overtime hours, but failed to fully compensate Plaintiffs or members of the Overtime Class at one and a half times their regular rate of pay for such hours due to their policy/practice of not compensating commissioned sales representatives separately for rest periods or other non-productive time.

28.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for all overtime work violates California Labor Code §§ 204, 226.2, 510, 558, 1194, and 1198, and Wage Order 4.

29.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiffs and members of the Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 226.2, 510, 558, 1194, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

### MINIMUM WAGE VIOLATIONS

### (AGAINST ALL DEFENDANTS)

30.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

10

First Amended Class and Representative Action Complaint

31.     Wage Order 4, § 4 and California Labor Code §§ 226.2, 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law, including for rest periods and other non-productive time. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

32.     At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes, but is not limited to, Defendants' uniform commission compensation structure for members of the Minimum Wage Class, which resulted in these individuals not being paid separately for rest periods or other non-productive time. Accordingly, Plaintiffs and members of the Minimum Wage Class were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 4.

33.     Defendants' policy and practice of not paying all minimum wages violates California Labor Code §§ 204, 226.2, 558, 1182.12, 1197.1, 1198, and Wage Order 4.

34.     Such a practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiffs and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 226.2, 558, 1194 *et seq.*, 1194.2, 1198, and Code of Civil Procedure § 1021.5.

35.     As a consequence of Defendants' non-payment of minimum wages, Plaintiffs and members of the Minimum Wage Class seek penalties pursuant to Wage Order 4, § 20(A) and California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2; and attorneys' fees and costs of suit pursuant to California Labor Code § 1194 *et seq.*

11

First Amended Class and Representative Action Complaint

**THIRD CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

36.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

37.     Wage Order 4, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be authorized and permitted to take a paid rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

38.     Defendants failed to separately compensate Plaintiffs and members of the Rest Period Class for each rest period to which they were entitled while working on a commission compensation plan, and therefore failed to authorize and permit paid rest periods as required by law.

39.     The foregoing violations create an entitlement to recovery by Plaintiffs and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, attorney's fees, and costs of suit pursuant to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

**FOURTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

40.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

41.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiffs and members of the Wage Statement Class with accurate and complete wage statements regarding their total regular hours worked, total overtime hours worked, total rest and recovery periods, total non-productive time worked, total rest period premium wages earned, total gross wages earned, and total net wages earned, in violation of Labor Code §§ 226 and 226.2.

42.     Defendants' failure to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all their minimum and overtime wages and rest period premiums wages, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

43.     Defendants' failures create an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code §§ 226 and 226.2, including statutory penalties, reasonable attorney's fees, and costs of suit according to California Labor Code §§ 226 and 226.2.

### FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### (AGAINST ALL DEFENDANTS)

44.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

45.     This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages earned immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

46.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to timely pay Plaintiff Gardiner, Plaintiff Greco, and members of the Waiting Time Class all final wages due to them at the time of their separation which includes, among other things, underpaid overtime and minimum wages and rest period premium wages.  Further, Plaintiffs are informed and believe, and based thereon allege, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

13

First Amended Class and Representative Action Complaint

47.     Defendants' willful failure to timely pay Plaintiff Gardiner, Plaintiff Greco and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff Gardiner and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (AGAINST ALL DEFENDANTS)

48.     Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

49.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business & Professions Code § 17200 *et seq.*, by: (a) failing to pay Plaintiffs and members of the Minimum Wage Class at least the minimum wage for all hours actually worked; (b) failing to pay Plaintiffs and members of the Overtime Class overtime wages for all overtime hours actually worked; (c) failing to pay Plaintiffs and members of the Rest Period Class rest period premium wages for each rest period violation; (d) failing to issue compliant wage statements to Plaintiffs and members of the Wage Statement Class; and (e) failing to pay Plaintiff Gardiner and members of the Waiting Time Class all earned wages at the time of their separation.

50.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

51.     Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs, for themselves and on behalf of the members of the Classes, seek full restitution of monies, as necessary and according to proof, to restore any and all monies

14

First Amended Class and Representative Action Complaint

1  withheld, acquired and/or converted by the Defendants pursuant to Business & Professions Code

2  §§ 17203 and 17208.

3      52.     The acts complained of herein occurred within the last four years immediately

4  preceding the filing of the Complaint in this action.

5      53.     Plaintiffs were compelled to retain the services of counsel to file this court action

6  to protect their interests and those of the Classes, to obtain restitution, and to enforce important

7  rights affecting the public interest.  Plaintiffs thereby incurred the financial burden of attorneys'

8  fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

9                        **SEVENTH CAUSE OF ACTION**

10                      **PRIVATE ATTORNEYS GENERAL ACT**

11                        **(AGAINST ALL DEFENDANTS)**

12     54.     Plaintiff Aldwin Marquis re-alleges and incorporates by reference all prior

13  paragraphs as though fully set forth herein.

14     55.     Defendants have committed several Labor Code violations against Plaintiff

15  Aldwin Marquis, members of the Classes, and other similarly aggrieved employees. Plaintiff

16  Aldwin Marquis, an "aggrieved employee" within the meaning of Labor Code § 2698 et seq.,

17  acting on behalf of himself and other similarly aggrieved employees, brings this representative

18  action against Defendants to recover the civil penalties due to himself, the members of the

19  Classes, other similarly aggrieved employees, and the State of California according to proof

20  pursuant to Labor Code § 558 and § 2699 (a) and (f) including, but not limited to: (1) pursuant to

21  Labor Code § 558(a), $50.00 for each initial violation of the Labor Code sections and/or Wage

22  Order provisions referenced in Labor Code § 558(a) and $100.00 for each subsequent violation

23  per employee per pay period, plus an amount sufficient to recover the unpaid wages; and (2)

24  pursuant to Labor Code § 2699(f)(2), $100.00 for each initial violation and $200 for each

25  subsequent violation per employee per pay period for the following Labor Code violations:

26     a.  Failing to pay Plaintiff Aldwin Marquis, the Overtime Class, and other similarly

27         aggrieved employees all earned overtime compensation in violation of Labor Code §§

28         226.2, 510, 558, 1194, and 1198;

                                15

               First Amended Class and Representative Action Complaint

b.  Failing to pay minimum wages for all hours worked to Plaintiff Aldwin Marquis, the Minimum Wage Class, and other similarly aggrieved employees in violation of Labor Code §§ 226.2, 558, 1182.12, 1194, 1194.2, 1197, and 1198;

c.  Failing to authorize and permit all legally required rest periods, and failure to pay rest period premium wages, to Plaintiff Aldwin Marquis, the Rest Period Class, and other similarly aggrieved employees at the regular rate of compensation in violation of Labor Code §§ 226.7, 512, 558, and 1198;

d.  Failing to furnish Plaintiff Aldwin Marquis, the Wage Statement Class, and other similarly aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code §§ 226 and 226.2;

e.  Failing to pay non-exempt employees all earned wages at least twice during each calendar month in violation of Labor Code § 204; and

f.  Failing to maintain accurate records on behalf of Plaintiff Aldwin Marquis and other similarly aggrieved employees in violation of Labor Code §§ 558 and 1174.

56.     On September 13, 2017, Plaintiff Aldwin Marquis notified Defendants via certified mail, and notified the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiff's intent to bring a claim for civil penalties under California Labor Code § 2698 et seq. with respect to violations of the California Labor Code identified in Paragraph 55 (a)-(f). Now that sixty-five days have passed from Plaintiff Aldwin Marquis' notifying Defendants and the LWDA of these violations, and the LWDA has not provided notice that it intends to investigate the violations, Plaintiff Aldwin Marquis has exhausted his administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

57.     Plaintiff Aldwin Marquis was compelled to retain the services of counsel to file this court action to protect his interests and the interests of other similarly aggrieved employees, and to assess and collect the civil penalties owed by Defendants. Plaintiff Aldwin Marquis has thereby incurred attorneys' fees and costs, which he is entitled to receive under California Labor Code § 2699(g).

16

First Amended Class and Representative Action Complaint

1      58.     Plaintiff Aldwin Marquis was compelled to retain the services of counsel to file

2  this court action to protect his interests and the interests of other similarly aggrieved employees,

3  and to assess and collect the civil penalties owed by Defendants.  Plaintiff Aldwin Marquis has

4  thereby incurred attorneys' fees and costs, which he is entitled to receive under California Labor

5  Code § 2699(g).

6

7                                    **PRAYER**

8      WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose

9  behalf this suit is brought against Defendants, jointly and severally, as follows:

10         1.   For an order certifying the proposed Classes;

11         2.   For an order appointing Plaintiffs as representatives of the Classes;

12         3.   For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

13         4.   Upon the First Cause of Action, for compensatory, consequential, general and

14  special damages according to proof pursuant to Labor Code §§ 204, 226.2, 510, 558, 1194, and

15  1198;

16         5.   Upon the Second Cause of Action, for payment of minimum wages, liquidated

17  damages, and penalties according to proof pursuant to Labor Code §§ 226.2, 1182.12, 1194,

18  1194.2 and 1197;

19         6.   Upon the Third Cause of Action, for compensatory, consequential, general and

20  special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

21         7.   Upon the Fourth Cause of Action, for statutory wage statement penalties pursuant

22  to Labor Code §§ 226 and 226.2;

23         8.   Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to

24  Labor Code §§ 201- 203;

25         9.   Upon the Sixth Cause of Action, for restitution to Plaintiffs and members of the

26  Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or

27  practices declared by this Court to be in violation of Business & Professions Code § 17200 *et*

28  *seq.*;

17

First Amended Class and Representative Action Complaint

10.   Upon the Seventh Cause of Action, for civil penalties due to Plaintiff Aldwin Marquis, other similarly aggrieved employees, and the State of California according to proof pursuant to Labor Code §§ 558 and 2699(a) and (f) including, but not limited to: (1) $50.00 for each initial violation and $100 for each subsequent violation of Labor Code § 558 per employee per pay period plus an amount sufficient to recover the unpaid wages; and (2) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for the violations of the Labor Code Sections cited in Labor Code § 2699.5;

11. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194 *et seq.*, and 2699(g); and Code of Civil Procedure § 1021.5; and

13. For such other and further relief the Court may deem just and proper.

Dated: November 27, 2017

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____

Paul K. Haines
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a jury trial with respect to all issues triable by jury.

Dated: November 27, 2017

HAINES LAW GROUP, APC

By: _____

Paul K. Haines
Attorneys for Plaintiffs

18

First Amended Class and Representative Action Complaint

**PROOF OF SERVICE**
*Adam Gardiner, et al., v. TSYS Business Solutions, LLC, et al.*
Orange County Superior Court Case No. 30-2017-00942890-CU-OE-CXC

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES        )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **[X]** 2274 East Maple Ave., El Segundo, California 90245.

      On November 27, 2017, I served the foregoing document(s) described as:

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

on the interested party(ies) in this action as follows:

John R. Giovannone, Esq.
SEYFARTH SHAW LLP
333 S. Hope Street, Suite 3900
Los Angeles, California 90071-1406
Attorneys for Defendants TSYS BUSINESS SOLUTIONS, LLC, and TOTAL SYSTEM SERVICES, INC.

**[X] (BY MAIL)** I am "readily familiar" with Haines Law Group, APC's practice of collection and processing correspondence for mailing. I enclosed the document(s) in a sealed envelope or package addressed to the persons at the address(es) listed above. Under the practice the correspondence would be deposited with the U.S. postal service on the same day with postage thereof fully prepaid at El Segundo, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage date is more than one day after date of deposit for mailing in affidavit.

**[X] (STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 27, 2017, at El Segundo, California.

*Aaron Clark*
Aaron Clark

PROOF OF SERVICE

1    SEYFARTH SHAW LLP
     John R. Giovannone (SBN 239366)
2    jgiovannone@seyfarth.com
     333 S. Hope Street, Suite 3900
3    Los Angeles, California 90071
     Telephone:    (213) 270-9600
4    Facsimile:     (213) 270-9601

5    SEYFARTH SHAW LLP
     Jinouth D. Vasquez Santos (SBN 299056)
6    jvasquezsantos@seyfarth.com
     2029 Century Park East, Suite 3500
7    Los Angeles, California 90067-3021
     Telephone:    (310) 277-7200
8    Facsimile:     (310) 201-5219

9    Attorneys for Defendants
     TSYS BUSINESS SOLUTIONS, LLC, f/k/a
10   TRANSFIRST, LLC; and TOTAL SYSTEM SERVICES,
     INC.

11

12

13             SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                       COUNTY OF ORANGE

15

16   ADAM GARDINER and, ALDWIN MARQUIS,     Case No. 30-2017-00942890-CU-OE-CXC
     as individuals and on behalf of all others similarly
17   situated,                            HON. RANDALL J. SHERMAN, DEPT. C24

18            Plaintiffs,             **DEFENDANTS' ANSWER TO FIRST**
                                    **AMENDED CLASS AND**
19        v.                        **REPRESENTATIVE ACTION COMPLAINT**

20   TSYS BUSINESS SOLUTIONS, LLC, f/k/a
     TRANSFIRST, LLC, a Delaware limited liability
21   company; TOTAL SYSTEM SERVICES, INC., a    Complaint Filed:   September 8, 2017
     Georgia corporation; and DOES 1 through 100,
22                         FAC Filed:         November 27, 2017
           Defendants.

23

24

25

26

27

28

---

DEFENDANTS' ANSWER TO FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
43097623v.2

1    Defendants TSYS Business Solutions, LLC f/k/a Transfirst, LLC, and Total System Services,

2    Inc. ("Defendants") hereby answers Plaintiffs Adam Gardiner and Aldwin Marquis' (collectively

3    "Plaintiffs") unverified First Amended Complaint ("FAC") as set forth below:

## GENERAL DENIAL

5    Pursuant to the provisions of California Code of Civil Prlocedure § 431.30, Defendants deny,

6    generally and specifically, each and every allegation, statement, matter and each purported cause of

7    action contained in Plaintiffs' FAC, and without limiting the generality of the foregoing, deny that

8    Plaintiffs have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts

9    or omissions of Defendants.  Defendants further deny, generally and specifically, that Plaintiffs have

10   suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal

11   or equitable relief within the jurisdiction of this Court.

## AFFIRMATIVE AND OTHER DEFENSES

13   In further answer to Plaintiffs' FAC, Defendants alleges the following affirmative and/or

14   additional defenses. In asserting these defenses, Defendants do not assume the burden of proof as to

15   matters that, pursuant to law, Plaintiffs or any individual they seek to represent have the burden to prove.

## FIRST DEFENSE

### (Failure to State a Claim)

18   1.    Plaintiffs' FAC, and each purported cause of action alleged therein, fails to state facts

19   sufficient to constitute any cause of action or claim for relief against Defendants.

## SECOND DEFENSE

### (Waiver and Estoppel)

22   2.    Plaintiffs' FAC, and each purported cause of action alleged therein, is barred to the extent

23   Plaintiffs or any individual they seek to represent have waived his or right, or is barred by the doctrine of

24   estoppel, to assert the purported claims.

## THIRD DEFENSE

### (Laches)

27   3.    Plaintiffs' FAC, and each purported cause of action alleged therein, is barred by the

28   doctrine of laches because Plaintiffs exercised inexcusable delay in commencing this action.

2

Exhibit B
Page 70

## FOURTH DEFENSE

### (Unclean Hands)

4.     Plaintiffs' FAC, and each purported cause of action alleged therein, is precluded by the doctrine of unclean hands to the extent Plaintiffs or any individual they seek to represent failed to perform his or her contractual obligations or otherwise acted with unclean hands.

## FIFTH DEFENSE

### (Statute of Limitations)

5.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, the limitations contained in California Labor Code sections 226, 226.7, 2698 *et seq.*, California Code of Civil Procedure sections 312, 338(a), 339(1), 340, and 343, or California Business and Professions Code section 17208.

## SIXTH DEFENSE

### (De Minimis)

6.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred to the extent it seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable.

## SEVENTH DEFENSE

### (Offset)

7.     To the extent that Plaintiffs or any individual they seek to represent are entitled to damages or penalties, either or both Defendants are entitled to an offset for any payments of wages or other remuneration previously provided.

## EIGHTH DEFENSE

### (No Knowing and Intentional Violation of California Labor Code § 226)

8.     Any alleged violation of California Labor Code section 226 was not knowing and intentional and therefore Plaintiffs' requested recovery is barred.

### NINTH DEFENSE

### (No Injury as a Result of Violation of California Labor Code § 226)

9.     Plaintiffs have suffered no injury as a result of any alleged violation of Labor Code section 226 and therefore are barred from recovering penalties.

### TENTH DEFENSE

### (*Res Judicata* & Collateral Estoppel)

10.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred by the doctrines of *res judicata* or collateral estoppel, to the extent that Plaintiffs or any individual they seek to represent have asserted such claims in any prior legal or administrative proceeding and did not prevail on such claim.

### ELEVENTH DEFENSE

### (Accord and Satisfaction/Release)

11.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred, in whole or in part, pursuant to an accord and satisfaction, or is barred to the extent that Plaintiffs or any individual they seek to represent have entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

### TWELFTH DEFENSE

### (Failure to Mitigate Damages)

12.     Plaintiffs are not entitled to recover the amount of damages from Defendants as alleged in the FAC, or any damages, due to their continuous failure to make reasonable efforts to mitigate or minimize the damages that they have allegedly incurred.

### THIRTEENTH DEFENSE

### (Failure to Comply with Employer Directions – California Labor Code § 2856)

13.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred by California Labor Code section 2856 to the extent that Plaintiffs or any individual they seek to represent failed to substantially comply with all the directions of Defendants, and such failure proximately caused the alleged losses.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTEENTH DEFENSE

### (Rest Periods Provided)

14.     Plaintiffs or any individual they seek to represent are not entitled to any premium pay for missed rest periods since Defendant, at all times relevant to the FAC, provided rest periods. To the extent that Plaintiffs or any individual they seek to represent voluntarily chose not to take rest periods, Defendants have not violated California law.

## FIFTEENTH DEFENSE

### (Compensation for Rest Periods)

15.     To the extent that Plaintiffs or any individual they seek to represent were paid additional compensation for missed rest periods, their missed rest period claim is barred.

## SIXTEENTH DEFENSE

### (No Private Right of Action)

16.     Plaintiffs' FAC is barred to the extent it seeks to recover civil penalties for which no private right of action exists.

## SEVENTEENTH DEFENSE

### (Lack of Knowledge)

17.     To the extent that any unlawful conduct occurred, which Defendants deny, Plaintiffs' FAC, and each purported cause of action alleged therein, is barred to the extent Defendants was not aware of unlawful conduct, and Plaintiffs' claims or those of individuals they seek to represent are barred or, alternatively, their relief is limited.

## EIGHTEENTH DEFENSE

### (Overtime)

18.     To the extent that Plaintiffs or any individual they seek to represent were paid overtime compensation at the legally required rate for hours worked in excess of 8 hours in a day or 40 hours in a week, such overtime claims are barred.

DEFENDANTS' ANSWER TO FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

43097623v.2

**NINETEENTH DEFENSE**

**(Good Faith Dispute – Labor Code § 203)**

19.     Plaintiffs or any individual they seek to represent are not entitled to California Labor Code section 203 penalties because a good faith dispute existed as to the monies allegedly owed at the time of the termination, such that Defendants cannot be held to have willfully failed to comply with the requirements of the applicable California Labor Code sections.

**TWENTIETH DEFENSE**

**(No California Business & Professions Code § 17200 *et seq.* Standing)**

20.     Plaintiffs lack standing as former employees to seek injunctive relief, civil penalties, or damages under relevant portions of the California Labor Code and the California Business and Professions Code section 17200 *et seq.* and lack standing because, *inter alia*, they have not suffered any injury in fact or lost money or property as a result of any unfair competition, or have an adequate remedy at law.

**TWENTY-FIRST DEFENSE**

**(No Recovery Under California Business & Professions Code § 17200)**

21.     Plaintiffs improperly seek through their cause of action under California Business & Professions Code section 17200 to recover monies that are not recoverable under that statute, including, but not limited to their claims based on California Labor Code section 203.

**TWENTY-SECOND DEFENSE**

**(Exhaustion of Administrative Remedies)**

22.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred to the extent Plaintiffs failed to exhaust their administrative remedies or other prerequisites, or failed to timely exhaust those remedies or prerequisites as required by law, including but not limited to the requirements set forth in California Labor Code section 2699.3.

**TWENTY-THIRD DEFENSE**

**(PAGA Unconstitutional)**

23.     The California Labor Code Private Attorney General Act of 2004 ("PAGA"), California Labor Code §§ 2698, *et seq.*, both on its face and as Plaintiffs seek to apply it here, violates the

1  California and United States Constitutions. It constitutes an illegal delegation of the State's executive or

2  prosecutorial power to individual litigants without oversight by the State of California or any executive

3  or prosecutorial agency thereof. PAGA is also unconstitutional on the basis that it violates the separation

4  of powers doctrine and Defendant's right to due process.

5                      **TWENTY-FOURTH DEFENSE**

6                      **(Unconstitutional Penalty)**

7        24.    Plaintiffs or any individual they seek to represent are not entitled to any penalty under the

8  California Labor Code to the extent that the penalty provisions of the applicable California Labor Code

9  sections invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory, or are

10  disproportionate to any damage or loss incurred as a result of Defendant's conduct, and are

11  unconstitutional under Article I, Section VII, of the California Constitution.

12                      **TWENTY-FIFTH DEFENSE**

13                      **(Prompt Remedial Action)**

14        25.    Defendants took prompt and appropriate corrective action in response to Plaintiffs'

15  complaints or stated concerns regarding the workplace, if in fact Plaintiffs made any such complaints,

16  thereby satisfying all legal duties and obligations Defendants had to Plaintiffs, if any at all.

17                      **TWENTY-SIXTH DEFENSE**

18                      **(Ratification/Consent)**

19        26.    Plaintiffs' FAC, and each purported cause of action alleged therein, is barred in whole or

20  in part because any conduct by Defendant was ratified, consented to, or acquiesced in by Plaintiffs or

21  any individual they seek to represent.

22                      **TWENTY-SEVENTH DEFENSE**

23                      **(Enforceable Contract)**

24        27.    Plaintiffs' FAC, and each purported cause of action alleged therein, is barred to the extent

25  that there is an enforceable contract with Plaintiffs or individuals they seek to represent that provides

26  that Defendants' conduct is lawful.

27  ///

28  ///

7

## RESERVATION OF RIGHTS

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event that discovery or investigation indicates that such defenses would be appropriate.

To the extent that Defendants have not expressly admitted an allegation of the FAC or denied an allegation of the FAC based on a lack of knowledge and information, Defendants deny all further and remaining allegations of the FAC, and no response contained herein is intended to constitute a waiver of such denial.

## PRAYER

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.     That Plaintiffs take nothing by way of their FAC;

2.     That Plaintiffs' request for an order certifying a proposed class, collective, and representative action be denied;

3.     That the action be dismissed, in its entirety, with prejudice;

4.     That judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

5.     That Defendants be awarded reasonable attorneys' fees according to proof;

6.     That Defendants be awarded the costs of suit incurred herein; and

7.     That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: December 28, 2017                      SEYFARTH SHAW LLP


                                              By: _____
                                              John R. Giovannone
                                              Jihouth D. Vasquez Santos
                                              Attorneys for Defendants
                                              TSYS BUSINESS SOLUTIONS, LLC, f/k/a
                                              TRANSFIRST, LLC; and TOTAL SYSTEM
                                              SERVICES, INC.

8

DEFENDANTS' ANSWER TO FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
43097623v.2

1

## PROOF OF SERVICE

2 | STATE OF CALIFORNIA )
    ) SS
3 | COUNTY OF LOS ANGELES )

4      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071.

5 On December 28, 2017, I served the within document(s):

6 ### DEFENDANTS' ANSWER TO FIRST AMENDED
### CLASS AND REPRESENTATIVE ACTION COMPLAINT

7

8 ☐ I sent such document from facsimile machines (213) 270-9601 on December 28, 2017. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter,

9 mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

10

11 ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

12 ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14 ☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California,

15 addressed as set forth below.

16 ☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

17

18 Paul K. Haines                    *Attorneys for Plaintiffs*
   Tuvia Korobkin
19 Daniel J. Brown
   HAINES LAW GROUP, APC
20 2274 East Maple Avenue
   El Segundo, CA 90245
21

22      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with

23 postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

24 after date of deposit for mailing in affidavit.

25      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26

27      Executed on December 28, 2017, at Los Angeles, California.

28                                        _K. Cutler_____
                                         Kassandra Cutler

---

PROOF OF SERVICE

43553902v.1

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/09/2018** at 02:57:00 PM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

1   SEYFARTH SHAW LLP
    John R. Giovannone (SBN 239366)
2   jgiovannone@seyfarth.com
    333 S. Hope Street, Suite 3900
3   Los Angeles, California 90071
    Telephone:   (213) 270-9600
4   Facsimile:   (213) 270-9601

5   SEYFARTH SHAW LLP
    Jinouth D. Vasquez Santos (SBN 299056)
6   jvasquezsantos@seyfarth.com
    2029 Century Park East, Suite 3500
7   Los Angeles, California 90067-3021
    Telephone:   (310) 277-7200
8   Facsimile:   (310) 201-5219

9   Attorneys for Defendants
    TSYS BUSINESS SOLUTIONS, LLC, f/k/a
10  TRANSFIRST, LLC; and TOTAL SYSTEM SERVICES,
    INC.

11

12

13                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                                 COUNTY OF ORANGE

15

16  ADAM GARDINER and, ALDWIN MARQUIS,        Case No. 30-2017-00942890-CU-OE-CXC
    as individuals and on behalf of all others similarly
17  situated,                                   HON. RANDALL J. SHERMAN, DEPT. C24

18                     Plaintiffs,             **DEFENDANTS' ANSWER TO SECOND
                                               AMENDED CLASS, COLLECTIVE, AND
19          v.                                 REPRESENTATIVE ACTION COMPLAINT**

20  TSYS BUSINESS SOLUTIONS, LLC, f/k/a        Complaint Filed:  September 8, 2017
    TRANSFIRST, LLC, a Delaware limited liability
21  company; TOTAL SYSTEM SERVICES, INC., a    FAC Filed:        November 27, 2017
    Georgia corporation; and DOES 1 through 100,
22                                             SAC Filed:        March 6, 2018
                       Defendants.

23

24

25

26

27

28

---

DEFENDANTS' ANSWER TO SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
45123929v.1

1     Defendants TSYS Business Solutions, LLC f/k/a Transfirst, LLC, and Total System Services,

2    Inc. ("Defendants") hereby answers Plaintiffs Adam Gardiner, Aldwin Marquis, and Joseph Greco's

3    (collectively "Plaintiffs") unverified Second Amended Complaint ("SAC") as set forth below:

4                        **GENERAL DENIAL**

5     Pursuant to the provisions of California Code of Civil Procedure § 431.30, Defendants deny,

6    generally and specifically, each and every allegation, statement, matter and each purported cause of

7    action contained in Plaintiffs' SAC, and without limiting the generality of the foregoing, deny that

8    Plaintiffs have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts

9    or omissions of Defendants.  Defendants further deny, generally and specifically, that Plaintiffs have

10   suffered any loss of wages, overtime, penalties, compensation, benefits or restitution, or any other legal

11   or equitable relief within the jurisdiction of this Court.

12             **AFFIRMATIVE AND OTHER DEFENSES**

13     In further answer to Plaintiffs' SAC, Defendants alleges the following affirmative and/or

14   additional defenses. In asserting these defenses, Defendants do not assume the burden of proof as to

15   matters that, pursuant to law, Plaintiffs or any individual they seek to represent have the burden to prove.

16                      **FIRST DEFENSE**

17              **(Failure to State a Claim)**

18     1.    Plaintiffs' SAC, and each purported cause of action alleged therein, fails to state facts

19   sufficient to constitute any cause of action or claim for relief against Defendants.

20                    **SECOND DEFENSE**

21             **(Waiver and Estoppel)**

22     2.    Plaintiffs' SAC, and each purported cause of action alleged therein, is barred to the extent

23   Plaintiffs or any individual they seek to represent have waived his or right, or is barred by the doctrine of

24   estoppel, to assert the purported claims.

25                    **THIRD DEFENSE**

26                  **(Laches)**

27     3.    Plaintiffs' SAC, and each purported cause of action alleged therein, is barred by the

28   doctrine of laches because Plaintiffs exercised inexcusable delay in commencing this action.

2

## FOURTH DEFENSE

### (Unclean Hands)

4.     Plaintiffs' SAC, and each purported cause of action alleged therein, is precluded by the doctrine of unclean hands to the extent Plaintiffs or any individual they seek to represent failed to perform his or her contractual obligations or otherwise acted with unclean hands.

## FIFTH DEFENSE

### (Statute of Limitations)

5.     Plaintiffs' SAC, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, the limitations contained in California Labor Code sections 226, 226.7, 2698 *et seq.,* California Code of Civil Procedure sections 312, 338(a), 339(1), 340, and 343, California Business and Professions Code section 17208, and 29 U.S. Code § 255.

## SIXTH DEFENSE

### (De Minimis)

6.     Plaintiffs' SAC, and each purported cause of action alleged therein, is barred to the extent it seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable.

## SEVENTH DEFENSE

### (Offset)

7.     To the extent that Plaintiffs or any individual they seek to represent are entitled to damages or penalties, either or both Defendants are entitled to an offset for any payments of wages or other remuneration previously provided.

## EIGHTH DEFENSE

### (No Knowing and Intentional Violation of California Labor Code § 226)

8.     Any alleged violation of California Labor Code section 226 was not knowing and intentional and therefore Plaintiffs' requested recovery is barred.

3

### NINTH DEFENSE

#### (No Injury as a Result of Violation of California Labor Code § 226)

9.      Plaintiffs have suffered no injury as a result of any alleged violation of Labor Code section 226 and therefore are barred from recovering penalties.

### TENTH DEFENSE

#### (*Res Judicata* & Collateral Estoppel)

10.      Plaintiffs' SAC, and each purported cause of action alleged therein, is barred by the doctrines of *res judicata* or collateral estoppel, to the extent that Plaintiffs or any individual they seek to represent have asserted such claims in any prior legal or administrative proceeding and did not prevail on such claim.

### ELEVENTH DEFENSE

#### (Accord and Satisfaction/Release)

11.      Plaintiffs' SAC, and each purported cause of action alleged therein, is barred, in whole or in part, pursuant to an accord and satisfaction, or is barred to the extent that Plaintiffs or any individual they seek to represent have entered into or are otherwise bound by compromise, settlement, or release agreements regarding those claims.

### TWELFTH DEFENSE

#### (Failure to Mitigate Damages)

12.      Plaintiffs are not entitled to recover the amount of damages from Defendants as alleged in the SAC, or any damages, due to their continuous failure to make reasonable efforts to mitigate or minimize the damages that they have allegedly incurred.

### THIRTEENTH DEFENSE

#### (Failure to Comply with Employer Directions – California Labor Code § 2856)

13.      Plaintiffs' SAC, and each purported cause of action alleged therein, is barred by California Labor Code section 2856 to the extent that Plaintiffs or any individual they seek to represent failed to substantially comply with all the directions of Defendants, and such failure proximately caused the alleged losses.

4

DEFENDANTS' ANSWER TO SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
45123929v.1

## FOURTEENTH DEFENSE

### (Rest Periods Provided)

14. Plaintiffs or any individual they seek to represent are not entitled to any premium pay for missed rest periods since Defendant, at all times relevant to the SAC, provided rest periods. To the extent that Plaintiffs or any individual they seek to represent voluntarily chose not to take rest periods, Defendants have not violated California law.

## FIFTEENTH DEFENSE

### (Compensation for Rest Periods)

15. To the extent that Plaintiffs or any individual they seek to represent were paid additional compensation for missed rest periods, their missed rest period claim is barred.

## SIXTEENTH DEFENSE

### (No Private Right of Action)

16. Plaintiffs' SAC is barred to the extent it seeks to recover civil penalties for which no private right of action exists.

## SEVENTEENTH DEFENSE

### (Lack of Knowledge/Willfulness)

17. To the extent that any unlawful conduct occurred, which Defendants deny, Plaintiffs' SAC, and each purported cause of action alleged therein, is barred to the extent Defendants was not aware of unlawful conduct, and Plaintiffs' claims or those of individuals they seek to represent are barred or, alternatively, their relief is limited, as Defendants' alleged conduct was certainly not willful.

## EIGHTEENTH DEFENSE

### (Overtime)

18. To the extent that Plaintiffs or any individual they seek to represent were paid overtime compensation at the legally required rate for hours worked in excess of 8 hours in a day or 40 hours in a week, such overtime claims are barred.

5

## NINETEENTH DEFENSE

### (Good Faith Dispute – Labor Code § 203)

19.     Plaintiffs or any individual they seek to represent are not entitled to California Labor Code section 203 penalties because a good faith dispute existed as to the monies allegedly owed at the time of the termination, such that Defendants cannot be held to have willfully failed to comply with the requirements of the applicable California Labor Code sections.

## TWENTIETH DEFENSE

### (No California Business & Professions Code § 17200 *et seq.* Standing)

20.     Plaintiffs lack standing as former employees to seek injunctive relief, civil penalties, or damages under relevant portions of the California Labor Code and the California Business and Professions Code section 17200 *et seq.* and lack standing because, *inter alia*, they have not suffered any injury in fact or lost money or property as a result of any unfair competition, or have an adequate remedy at law.

## TWENTY-FIRST DEFENSE

### (No Recovery Under California Business & Professions Code § 17200)

21.     Plaintiffs improperly seek through their cause of action under California Business & Professions Code section 17200 to recover monies that are not recoverable under that statute, including, but not limited to their claims based on California Labor Code section 203.

## TWENTY-SECOND DEFENSE

### (Exhaustion of Administrative Remedies)

22.     Plaintiffs' SAC, and each purported cause of action alleged therein, is barred to the extent Plaintiffs failed to exhaust their administrative remedies or other prerequisites, or failed to timely exhaust those remedies or prerequisites as required by law, including but not limited to the requirements set forth in California Labor Code section 2699.3.

## TWENTY-THIRD DEFENSE

### (PAGA Unconstitutional)

23.     The California Labor Code Private Attorney General Act of 2004 ("PAGA"), California Labor Code §§ 2698, *et seq.*, both on its face and as Plaintiffs seek to apply it here, violates the

6

1  California and United States Constitutions. It constitutes an illegal delegation of the State's executive or

2  prosecutorial power to individual litigants without oversight by the State of California or any executive

3  or prosecutorial agency thereof. PAGA is also unconstitutional on the basis that it violates the separation

4  of powers doctrine and Defendant's right to due process.

5  ### TWENTY-FOURTH DEFENSE

6  ### (Unconstitutional Penalty)

7  24.     Plaintiffs or any individual they seek to represent are not entitled to any penalty under the

8  California Labor Code to the extent that the penalty provisions of the applicable California Labor Code

9  sections invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory, or are

10  disproportionate to any damage or loss incurred as a result of Defendant's conduct, and are

11  unconstitutional under Article I, Section VII, of the California Constitution.

12  ### TWENTY-FIFTH DEFENSE

13  ### (Prompt Remedial Action)

14  25.     Defendants took prompt and appropriate corrective action in response to Plaintiffs'

15  complaints or stated concerns regarding the workplace, if in fact Plaintiffs made any such complaints,

16  thereby satisfying all legal duties and obligations Defendants had to Plaintiffs, if any at all.

17  ### TWENTY-SIXTH DEFENSE

18  ### (Ratification/Consent)

19  26.     Plaintiffs' SAC, and each purported cause of action alleged therein, is barred in whole or

20  in part because any conduct by Defendant was ratified, consented to, or acquiesced in by Plaintiffs or

21  any individual they seek to represent.

22  ### TWENTY-SEVENTH DEFENSE

23  ### (Enforceable Contract)

24  27.     Plaintiffs' SAC, and each purported cause of action alleged therein, is barred to the extent

25  that there is an enforceable contract with Plaintiffs or individuals they seek to represent that provides

26  that Defendants' conduct is lawful.

27  ///

28  ///

7

DEFENDANTS' ANSWER TO SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT
45123929v.1

**RESERVATION OF RIGHTS**

Defendants presently have insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event that discovery or investigation indicates that such defenses would be appropriate.

To the extent that Defendants have not expressly admitted an allegation of the SAC or denied an allegation of the SAC based on a lack of knowledge and information, Defendants deny all further and remaining allegations of the SAC, and no response contained herein is intended to constitute a waiver of such denial.

**PRAYER**

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1.  That Plaintiffs take nothing by way of their SAC;

2.  That Plaintiffs' request for an order certifying a proposed class, collective, and representative action be denied;

3.  That the action be dismissed, in its entirety, with prejudice;

4.  That judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

5.  That Defendants be awarded reasonable attorneys' fees according to proof;

6.  That Defendants be awarded the costs of suit incurred herein; and

7.  That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: March 9, 2018                                  SEYFARTH SHAW LLP


By: _____
John R. Giovannone
Jinouth D. Vasquez Santos
Attorneys for Defendants
TSYS BUSINESS SOLUTIONS, LLC, f/k/a
TRANSFIRST, LLC; and TOTAL SYSTEM
SERVICES, INC.

8

1

**PROOF OF SERVICE**

2 | STATE OF CALIFORNIA )
          ) SS
3 | COUNTY OF LOS ANGELES )

4  I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071.
5 | On March 9, 2018, I served the within document(s):

6

**DEFENDANTS' ANSWER TO SECOND AMENDED CLASS,**
**COLLECTIVE, AND REPRESENTATIVE ACTION COMPLAINT**

7

8 ☐ I sent such document from facsimile machines (213) 270-9601 on December 28, 2017. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter,
9   mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

10

11 ☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

12 ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14 ☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California,
15   addressed as set forth below.

16 ☒ by transmitting the document(s) listed above, electronically, via One Legal.

17

18 | Paul K. Haines      ***Attorneys for Plaintiffs***
  Tuvia Korobkin
19 | Daniel J. Brown
  HAINES LAW GROUP, APC
20 | 222 North Sepulveda Blvd, Suite 1550
  El Segundo, CA 90245

21

22  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
23 | postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day
24 | after date of deposit for mailing in affidavit.

25  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
26

27  Executed on March 9, 2018, at Los Angeles, California.

28              _K. Cutler_
                 Kassandra Cutler

PROOF OF SERVICE

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/12/2018** at 03:00:00 PM

Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   SEYFARTH SHAW LLP
    John R. Giovannone (SBN 239366)
2   jgiovannone@seyfarth.com
    333 S. Hope Street, Suite 3900
3   Los Angeles, California 90071
    Telephone:    (213) 270-9600
4   Facsimile:    (213) 270-9601

5   SEYFARTH SHAW LLP
    Jinouth D. Vasquez Santos (SBN 299056)
6   jvasquezsantos@seyfarth.com
    2029 Century Park East, Suite 3500
7   Los Angeles, California 90067-3021
    Telephone:    (310) 277-7200
8   Facsimile:    (310) 201-5219

9   Attorneys for Defendants
    TSYS BUSINESS SOLUTIONS, LLC, f/k/a
10  TRANSFIRST, LLC; and TOTAL SYSTEM SERVICES,
    INC.

11

12

13           SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                  COUNTY OF ORANGE

15

16  ADAM GARDINER and, ALDWIN MARQUIS,
    as individuals and on behalf of all others similarly
17  situated,

18              Plaintiffs,

19      v.

20  TSYS BUSINESS SOLUTIONS, LLC, f/k/a
    TRANSFIRST, LLC, a Delaware limited liability
21  company; TOTAL SYSTEM SERVICES, INC., a
    Georgia corporation; and DOES 1 through 100,

22              Defendants.

Case No. 30-2017-00942890-CU-OE-CXC

Hon. Randall J. Sherman, Dept. C24

**STIPULATION AND ORDER TO
CONTINUE CASE MANAGEMENT
CONFERENCE TO A DATE FOLLOWING
SCHEDULED MEDIATION**

Date:     January 19, 2018
Time:    9:30 a.m.
Dept.:    CX-105

Complaint Filed: September 8, 2017

FAC Filed:     November 27, 2017

23

24

25

26

27

28

Plaintiffs Adam Gardiner and Aldwin Marquis ("Plaintiffs") and Defendants TSYS Business Solutions, LLC f/k/a Transfirst, LLC and Total System Services, Inc. ("Defendants") (collectively, "the Parties"), by and through their undersigned counsel, hereby stipulate as follows:

1.   **WHEREAS**, a case management conference was recently scheduled in this matter for January 19, 2018 at 9:30 a.m. in Department CX-105 of the above reference court;

2.   **WHEREAS**, the Parties have been engaged in informal discovery and information exchange for over three months;

3.   **WHEREAS**, the Parties have scheduled a full-day mediation with Jeffrey Ross, on February 12, 2018, and are optimistic as to the prospects for resolution;

4.   **WHEREAS**, the Parties agree that judicial economy would be promoted by continuing the case management conference until March 20, 2018, or a date thereafter that is convenient for the Court; and

5.   **WHEREAS,** if a settlement is reached, the parties will file a notice of settlement, so that the Court may vacate the case management conference.

//
//
//
//
//
//
//
//

2

STIPULATION AND ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE

43620418v.2

1

2        **THEREFORE, THE PARTIES HERETO STIPULATE AND RESPECTFULLY**

3  **REQUEST THAT THE COURT ORDER** that the case management conference scheduled for

4  January 19, 2018, be continued to March 20, 2018, or the soonest available date thereafter.

5

6  DATED: January 9, 2018                SEYFARTH SHAW LLP

7

8

9                               John R. Giovannone

10                        Jinouth D. Vasquez Santos
                            Attorneys for Defendants

11                        TSYS BUSINESS SOLUTIONS, LLC, f/k/a
                            TRANSFIRST, LLC; and TOTAL SYSTEM

12                        SERVICES, INC.

13  DATED: January 9,    2018          HAINES LAW GROUP

14

15                  By:_____
                      Paul K. Haines

16                      Tuvia Korobkin
                      Daniel J. Brown

17                      Attorneys for Plaintiffs
                      ADAM GARDINER AND ALDWIN MARQUIS

18

19

20

21

22

23

24

25

26

27

28

3

---

STIPULATION AND ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE

43620418v.2

1

2

**ORDER**

3

**PURSUANT TO THE STIPULATION AND FINDING GOOD CAUSE, IT IS SO**

4

**ORDERED** that the Case Management Conference currently set for January 19, 2018 shall be

5

rescheduled for March 23, 2018 at 9:00 a.m. in Department CX-105 of the above referenced court.

6

**IT IS SO ORDERED.**

7

8

**Date Judge Signed: January 12, 2018**

9

10

Hon. Randall J. Sherman
Judge of the Superior Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

STIPULATION AND ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE

43620418v.2