**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
Stacey M. Shim (SBN 305911)
sshim@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350/Fax: (424) 292-2355

**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
Jeff Geraci (SBN 151519)
jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, California 92101
Tel: (619) 595-3001/Fax: (619) 595-3000

Attorneys for Plaintiffs, the Settlement
Class, and Aggrieved Employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GARDINER, JOSEPH GRECO, and SEAN CONROY, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC, a Delaware limited liability company; TOTAL SYSTEM SERVICES, INC., a Georgia corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. 8:18-cv-00415 DOC (JCGx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS, COLLECTIVE AND REPRESENTATIVE ACTION SETTLEMENT**<br><br>Judge:   Hon. David O. Carter<br>Date:    January 28, 2019<br>Time:    8:30 a.m.<br>Dept.:   9D |

NOTICE IS HEREBY GIVEN that on Monday, January 28, 2019 at 8:30 a.m., or as soon thereafter as the matter may be heard in Department 9D of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, before the Honorable David O. Carter, Plaintiffs and Class Representatives Adam Gardiner, Joseph Greco, and Sean Conroy ("Plaintiffs") and Class Counsel Paul K. Haines, Tuvia Korobkin, and Stacey M. Shim of Haines Law Group, APC and Isam C. Khoury, Michael D. Singer, and Jeff Geraci of Cohelan Khoury & Singer ("Class Counsel") will, and hereby do, move this Court for an order pursuant to Fed. R. Civ. Proc. 23(e) and 29 U.S.C. § 216(b):

1. Finally certifying the Settlement Class for settlement purposes under Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b);

2. Granting final approval to the class action settlement based upon the terms set forth in the Settlement Agreement and Release of Claims ("Settlement Agreement") as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure;

3. Confirming Plaintiffs' appointment as Class Representatives for settlement purposes;

4. Confirming the appointment of Paul K. Haines, Tuvia Korobkin, and Stacey M. Shim of Haines Law Group, APC and Isam C. Khoury, Michael D. Singer, and Jeff Geraci of Cohelan Khoury & Singer as Class Counsel for settlement purposes;

5. Entering final judgment in the form of the proposed Final Judgment and Order Granting Final Approval filed herewith.

///
///
///
///

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities; the supporting Declaration of Zachary Cooley of Kurtzman Carson Consultants, LLC and all exhibits attached thereto; the proposed Final Judgment and Order; the Settlement Agreement; all other pleadings, declarations, and other papers on file in this action, and any oral argument or other matter that may be considered by the Court.

Dated:  December 28, 2018

Respectfully submitted,
HAINES LAW GROUP, APC


By:      /s/ Paul K. Haines
         Paul K. Haines, Esq.
         Attorneys for Plaintiffs, the Settlement
         Class, and Aggrieved Employees

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................1

II. SUMMARY OF THE LITIGATION ....................................................1

   A. Summary of Plaintiffs' Claims ....................................................1

   B. Discovery, Mediation, and Settlement.........................................2

   C. Preliminary Approval of the Settlement ......................................3

III. THIS SETTLEMENT WARRANTS FINAL APPROVAL UNDER

   RULE 23 AND THE FLSA ......................................................................3

   A. The Settlement Is Fair, Adequate, and Reasonable ....................3

      1. The Strength of Plaintiffs' Case .......................................4

      2. Risk, Expense, Complexity, and Duration of Further

         Litigation .........................................................................6

      3. Risk of Maintaining Class Action Status ..........................7

      4. Amount Offered in Settlement Is Reasonable Given the

         Realistic Value of the Claims in Light of the Litigation Risks........7

      5. Discovery Completed and the Status of Proceedings .....................8

      6. The Experience and Views of Counsel ............................8

      7. The Reaction of the Class Members to the Proposed

         Settlement ........................................................................9

IV. THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS

   PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED ..........9

V. THE CLASS NOTICE COMPORTS WITH DUE PROCESS ..........................9

VI. CONCLUSION ................................................................................11

1

## <u>TABLE OF AUTHORITIES</u>

2

**<u>Federal Cases</u>**

3   *Churchhill Village, L.L.C. v. General Electric*

4         361 F.3d 566 (9th Cir. 2004) .................................................................10

5   *Dunleavy v. Nadler*

6         213 F.3d 454 (9th Cir. 2000) ....................................................................7

7   *Eisen v. Carlisle & Jacqueline*

8         417 U.S. 156 (1974)..................................................................................9

9   *Elliot v. Spherion Pacific Work, LLC*

10        572 F.Supp.2d 1169 (C.D. Cal. 2008) .......................................................5

11  *In re Heritage Bond Litig.*

12        546 F.3d 667 (9th Cir. 2008) ....................................................................3

13  *In re Pacific Enterprises Securities Litigation*

14        47 F.3d 373 (9th Cir. 1995) ......................................................................8

15  *In re Syncor ERISA litigation*

16        516 F.3d 1095 (9th Cir. 2008) ..................................................................3

17  *Lynn's Food Stores, Inc. v. United States*

18        679 F.2d 1350 (11th Cir. 1982) ................................................................3

19  *Marshall v. Holiday Magic, Inc.*

20        550 F.2d 1173 (9th Cir. 1977) ..................................................................9

21  *Murillo v. Pacific Gas & Electric Co.*

22        266 F.R.D. 468 (E.D. Cal. 2010)...............................................................3

23  *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*

24        221 F.R.D. 529 (C.D. Cal. 2004)........................................................6, 7, 9

25  *Rodriguez v. West Publishing Corp.*

26        563 F.3d 948 (9th Cir. 2009) .................................................................3, 4

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL

**State Cases**

*Ling v. P.F. Chang's China Bistro, Inc.*

    245 Cal. App. 4th 1242 (2016) .......................................................................5

*Thurman v. Bayshore Transit Mgmt., Inc*.

    203 Cal. App. 4th 1112 (2012) .......................................................................5

**Federal Statutes and Rules**

Fed. R. Civ. Proc. 23 ...........................................................................................3

29 U.S.C. § 216(b) ..............................................................................................1

**State Statutes and Rules**

Cal. Code Regs. § 13520 .....................................................................................5

Cal. Lab. Code § 203 ...........................................................................................5

Cal. Lab. Code § 226.7 ........................................................................................5

Cal. Lab. Code § 226 ...........................................................................................5

Cal. Lab. Code § 2699(e)(2) ............................................................................5, 6

**Unpublished Cases**

*Benjamin G. Nable v. Transfirst, LLC*

    Case No. 8:15-cv-00891-DOC-JCG ..............................................................6

*Fleming v. Covidien Inc*.

    Case No. ED CV 10-01487 RGK (OPx)

    2011 WL 7563047 (C.D. Cal., Aug. 12, 2011) .............................................5

*Wren v. RGIS Inventory Specialists*

    Case No. C-06-05778 JCS

    2011 WL 1230826 (N.D. Cal. April 1, 2011) ...............................................4

*In re Portal Software, Inc. Securities Litig.*

    Case No. C-03-5138 VRW

    2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ..............................................7

*Glass v. UBS Finan. Svcs.*

    No. C-06-4068 MMC, 2007 WL 221862 (C.D. Cal. 2007) ...........................7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL

*Gribble v. Cool Transports Inc.*

    Case No. CV 06-04863 GAF SHX

    2008 WL 5281665 (C.D. Cal. Dec. 15, 2008)..................................................8

*Schiller v. David's Bridal, Inc.*

    No. 1:10-cv-616-AWI-SKO

    2012 WL 2117001 (E.D. Cal. Jun. 11, 2012)..................................................9

*Willner v. Manpower Inc.*

    No. C 11-02846 JSW, 2012 WL 1570789 (N.D. Cal. May 3, 2012).............6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Adam Gardiner, Joseph Greco, and Sean Conroy ("Plaintiffs") seek final approval of this class, collective, and representative action settlement, entered into by Plaintiffs and Defendants TSYS Merchant Solutions, LLC and Total System Services, Inc. ("Defendants").  This settlement provides for a non-reversionary Gross Settlement Amount ("GSA") of $1,285,000.00 to settle the claims of 336 current and former California employees for a variety of wage and hour claims pled under California law and the Fair Labor Standards Act ("FLSA").

In its September 24, 2018 Order Granting Preliminary Approval of Class, Collective, and Representative Action Settlement, this Court concluded that the terms of the Settlement "fall within the range of approval as fair, adequate and reasonable." *See* Dkt. No. 22 at p. 2.  Since this Court granted preliminary approval, nothing has changed to impact the propriety of the Settlement, and in fact, the response of the Settlement Class has been extremely positive, with zero Class Members opting out of the Settlement, and not a single objection from any Class Member.  *See* Declaration of Zachary Cooley ("Cooley Decl."), ¶¶ 6, 7.

The average payment to Class Members will be approximately $2,262.40, while the highest estimated payment to a Class Member is $16,240.69. *Id.*, ¶ 8.  In light of the positive results achieved for the Settlement Class and lack of any objection from the Settlement Class, Plaintiffs respectfully request that the Court grant final approval of the Settlement.

## II.   SUMMARY OF THE LITIGATION

### A.   Summary of Plaintiffs' Claims

Defendants are merchant processors that provide credit card processing, debit card processing, and other payment processing services for retailers and merchants. Plaintiffs, like all other Class Members, worked for Defendants as Sales Representatives and/or Account Executives in California, and were paid pursuant

1

to Defendants' recoverable draw-based commission compensation plan(s) during the Class Period, whereby any "draw" paid to Class Members could be recouped by Defendants should Settlement Class members' commissions for the pay period exceed the value of the draw.

As explained in Plaintiffs' concurrently-filed Motion for Attorneys' Fees, Plaintiffs' operative Third Amended Complaint alleges that under the recoverable draw-based commission plan, Defendants failed to pay all overtime wages (under both the FLSA and California law), failed to pay all minimum wages owed, and failed to authorize and permit rest periods. Based on these underlying violations, Plaintiffs also alleged that Defendants failed to provide accurate itemized wage statements, failed to pay all final wages to employees on separation of employment, engaged in unfair business practices, and are liable for civil penalties under the Private Attorneys General Act ("PAGA"), Labor Code § 2698 *et seq.*

## B.   Discovery, Mediation, and Settlement

On February 12, 2018 the parties attended private mediation with Jeffrey A. Ross, Esq. In connection with mediation, Defendants provided Plaintiffs with timekeeping and payroll data, and also provided several key data points for the putative class, such as the number of class members, relevant policies and procedures in place during the Class Period, number of pay periods worked during the Class Period, and other information relevant to the evaluation of Plaintiffs' claims on behalf of the Settlement Class. Plaintiffs submitted a detailed mediation brief, and conducted an in-depth analysis of the data to create exposure models.

After a full day of negotiations, Mr. Ross made a mediator's proposal for a class-wide resolution of all claims, which the parties accepted. Over the next several months, the parties negotiated and drafted the long-form Settlement Agreement, which was executed in August 2018.

///

///

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL

### C.    Preliminary Approval of the Settlement

Plaintiffs moved for preliminary approval of the Settlement on August 13, 2018.  [DE No. 20.]   After a preliminary approval hearing, this Court granted preliminary approval of the Settlement on September 24, 2018.  [DE No. 22.]  Now that the Notice process is complete, Plaintiffs respectfully submit the Settlement to the Court for final approval.

## III.   THIS SETTLEMENT WARRANTS FINAL APPROVAL UNDER RULE 23 AND THE FLSA

A class action can be "settled, voluntarily dismissed, or compromised only with the court's approval." *See* Fed. R. Civ. Proc. 23(e).  In order to approve a proposed settlement, a court must conclude that the proposed settlement is "fair, adequate and reasonable," and is the product of arm's-length and informed negotiations. *See In re Heritage Bond Litig.*, 546 F.3d 667, 674 (9th Cir. 2008). According to the Ninth Circuit, "there is a strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) (citation omitted).

Judicial approval of an FLSA settlement is also necessary to effectuate a valid and enforceable release of FLSA claims. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court should approve a release of FLSA claims if it appears to be the result of contested litigation to resolve a *bona fide* dispute between the parties. *Id.* at 1355. Because the factors in evaluating a settlement under the FLSA and Rule 23 assess the same factors, Plaintiffs' analysis of the Rule 23 factors is equally applicable to the settlement of the FLSA claim. Compare *Murillo v. Pacific Gas & Electric Co.*, 266 F.R.D. 468, 477-78 (E.D. Cal. 2010) with *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009).

### A.    The Settlement Is Fair, Adequate, and Reasonable

In determining whether a proposed class action settlement is "fair, reasonable, and adequate," as required by Rule 23(e)(2), this Court may consider

some or all of the following factors: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant;[1] and (8) the reaction of the class members to the proposed settlement. *See Rodriguez*, *supra*, 563 F.3d at 963. Plaintiffs address each factor below.

## 1.   The Strength of Plaintiffs' Case

Although Plaintiffs steadfastly maintain that their claims are meritorious, Plaintiffs acknowledges that Defendants possessed several defenses to liability and to certification. For example, regarding Plaintiffs' claims for unpaid wages, which were based primarily on Plaintiffs' allegation that Defendants failed to pay Class Members who are paid on a commission based pay plan separately for non-productive time, Defendants maintain that Class Members worked little (if any) uncompensated non-productive time. Further, Defendants contend that class certification based on this theory of liability is improper, as individualized inquiries would predominate, since the alleged non-productive time was not recorded and each Class Member would need to testify individually regarding their non-productive hours worked. Moreover, Defendants point out that the issue of whether non-productive time must be separately compensated for commission-based employees has not been adjudicated on the appellate level, and therefore there is no case law precedent binding this Court to the conclusion that such time must be separately compensated.

Regarding the rest period claim, Defendants argue that any liability for its failure to separately compensate Class Members for rest periods would be limited

---

[1] This factor is not addressed because there is no governmental participant. *See, e.g., Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826 at *10 (N.D. Cal. Apr. 1, 2011) ("Because there is no governmental entity involved in this litigation, the seventh factor is inapplicable").

to back-pay for the rest periods themselves (i.e. 10 minutes of pay per rest period), as opposed to the one-hour rest period penalties per workday permitted under Labor Code § 226.7, which Plaintiffs sought.

Defendants also assert that Plaintiffs would not prevail on their derivative penalty claims, given Plaintiffs' inability to demonstrate underlying violations. Defendants also contend that Plaintiffs would not be able to prove that putative class members suffered "injury," or that any underlying violations were "knowing and intentional" as required to recover wage statement penalties under Labor Code § 226(e). Similarly, Defendants argue that Plaintiffs would not recover waiting time penalties under Labor Code § 203 because Defendants possessed good-faith defenses to Plaintiffs' underlying claims and therefore any failure to pay wages at termination was not "willful." *See* Cal. Code Regs. § 13520. Defendants also contend Plaintiffs' rest period claim could not support a claim for waiting time penalties. *See Ling v. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242, 1261 (2016) (finding rest period premium pay compensates for the non-provision of rest periods, not for the 'nonpayment of wages' as required by Labor Code § 203).

Finally, because Plaintiffs' PAGA claim is wholly derivative of the claims described above, Plaintiffs' chances of succeeding on the PAGA claim were dependent on the success of the aforementioned claims. *See, e.g., Elliot v. Spherion Pacific Work, LLC*, 572 F.Supp.2d 1169, 1181-82 (C.D. Cal. 2008) ("Plaintiff's claim under the Private Attorneys General Act is wholly dependent upon her other claims. Because all of Plaintiff's other claims fail as a matter of law, so does her PAGA claim."). Defendants also maintain that, given their good faith defenses, this Court would exercise its discretion to reduce any PAGA penalties awarded. *See* Labor Code § 2699(e)(2); *Thurman v. Bayshore Transit Mgmt., Inc*., 203 Cal. App. 4th 1112, 1135 (2012) (affirming reduction of PAGA penalties); *Fleming v. Covidien Inc*., Case No. ED CV 10-01487 RGK (OPx), 2011 WL 7563047, at *4 (C.D. Cal., Aug. 12, 2011) (reducing maximum PAGA penalties by over 82%); *see*

*also Willner v. Manpower Inc.*, No. C 11-02846 JSW, 2012 WL 1570789 at *7 (N.D. Cal. May 3, 2012) ("The Court retains discretion over awards under a PAGA claim and may 'award a lesser amount than the maximum civil penalty amount specified [under PAGA] if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory.'") (citing Lab. Code § 2699(e)(2)).

Defendants also assert that some of Plaintiffs' claims are affected by a previous settlement.  Specifically, Defendant TSYS' predecessor settled a class action in 2016 that involved largely the same class of employees, in *Benjamin G. Nable v. Transfirst, LLC*, Case No. 8:15-cv-00891-DOC-JCG, United States District Court, Central District of California, Honorable David O. Carter presiding ("*Nable*") (granting final approval of class action settlement on October 19, 2016). Defendants argue that, as a result of the *Nable* release, <u>all</u> Class Members had already released their rights to bring claims for alleged minimum wage violations that occurred prior to May 24, 2016, and any Class Member who separated their employment with Defendants prior to May 24, 2016 had also released his/her rights to bring a claim for waiting time penalties.

In short, Plaintiffs' ability to certify and prevail on their claims was far from guaranteed. "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *National Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).  Thus, this factor supports final approval.

### 2.   Risk, Expense, Complexity, and Duration of Further Litigation

Although the parties had engaged in significant informal discovery in connection with mediation, the parties had yet to engage in formal written or deposition discovery or motion practice. Thus, had this case not settled, the parties would incur considerably more attorneys' fees and costs through formal discovery, class and collective certification proceedings, and other proceedings and motion

work. This settlement avoids those risks and the accompanying expense. *See, e.g.,* *In re Portal Software, Inc. Securities Litig.*, No. C-03-5138 VRW, 2007 WL 4171201 at *3 (N.D. Cal. Nov. 26, 2007) (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement"). Thus, this factor supports final approval of the settlement.

### 3.    <u>Risk of Maintaining Class Action Status</u>

Plaintiffs had not yet filed their motion for class certification when the parties reached the proposed settlement. Absent settlement, there was a risk that Plaintiffs would not succeed in certifying the class, and that the putative class members would not recover anything. Thus, this factor favors final approval.

### 4.    <u>Amount Offered in Settlement Is Reasonable Given the Realistic Value of the Claims in Light of the Litigation Risks</u>

As explained in detail in Plaintiffs' Motion for Preliminary Approval [Dkt. No. 20], Plaintiffs conducted a detailed analysis of potential damages under each of Plaintiffs' theories of liability. Based on their analyses, and after discounting the claims only slightly for the risks of non-certification and of failing to recover on the merits, Plaintiffs projected a total realistic potential exposure of approximately $1,253,552.10. *See* Dkt. No. 20 at p. 19. Thus, the proposed gross settlement amount of $1,285,000.00 *exceeds* Plaintiffs' projected potential recovery, while avoiding the expense and risks associated with class certification and trial. *Id.* This is a particularly positive outcome when compared with other class action settlements, where lower percentage recoveries are routinely approved by courts. *See*, *e.g.*, *Glass v. UBS Finan. Svcs.*, No. C-06-4068 MMC, 2007 WL 221862 at *4 (C.D. Cal. Jan. 26, 2007) (approving settlement representing 25% to 35% of potential damages); *Dunleavy v. Nadler*, 213 F.3d 454, 459 (9th Cir. 2000) (approving settlement representing "roughly one-sixth of the potential recovery"); *DirecTV, supra*, 221 F.R.D. at 527 ("it is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential

recovery that might be available to the class members at trial"). Thus, this factor favors final approval.

### 5.   Discovery Completed and the Status of Proceedings.

The parties engaged in a significant amount of investigation, informal discovery, and data analysis prior to reaching the proposed settlement. Not only did Defendants produce all applicable policies, but they also provided key data regarding Class Members' compensation, including timekeeping and payroll data, the number of pay periods worked during the Class Period, and other documents and information. Plaintiff analyzed the data and information and created a detailed exposure analysis. It was only after this exchange and extensive review of data that the parties attended mediation and ultimately reached a settlement. Thus, this factor supports final approval of the settlement.

### 6.   The Experience and Views of Counsel.

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). Plaintiffs are represented by experienced wage and hour class action counsel who collectively have decades of plaintiff- and defense-side class action experience litigating claims for overtime, minimum wage, rest period, and related wage statement and final payment violations. *See* Declaration of Paul K. Haines submitted with Motion for Attorneys' Fees ("Haines Decl."), ¶¶ 2-8; Declaration of Michael D. Singer submitted with Motion for Attorneys' Fees ("Singer Decl."), ¶¶ 3-6 & Exh. 2. Class Counsel have been certified as Class Counsel in dozens of other cases alleging claims similar to those at issue in this litigation. *Id.* Class Counsel fully evaluated the strengths and weaknesses of Plaintiffs' claims, both as to class certification and the merits, and believe the proposed Settlement is an excellent result for the Settlement Class. This factor strongly supports final approval. *See, e.g., Gribble v. Cool Transp. Inc.*, No. CV 06-04863 GAF SHX, 2008 WL 5281665 at \*9 (C.D.

Cal. Dec. 15, 2008) ("Great weight is accorded to the recommendation of counsel, who are most likely acquainted with the facts of the underlying litigation.").

### 7.  The Reaction of the Class Members to the Proposed Settlement

A court may infer that a class action settlement is fair, adequate, and reasonable when few class members object.  *See Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).  "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *See DirecTV, supra*, 221 F.R.D. at 529.

Here, the response to the Settlement has been overwhelmingly positive.  Not a single Class Member filed an objection to the proposed settlement, nor has any Class Member opted out of the Settlement. *See* Cooley Decl., ¶¶ 6-7. The overwhelmingly positive reaction of Settlement Class members to the Settlement supports final approval.

## IV.  THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED

In its September 24, 2018 order granting preliminary approval, this Court certified the Settlement Class for settlement purposes. *See* Dkt. No. 22.  Because circumstances have not changed, and for the reasons set forth in their motion for preliminary approval (Dkt. No. 20), Plaintiffs request that the Court finally certify the Settlement Class for settlement purposes under Rule 23(e) and the FLSA.  *See Schiller v. David's Bridal, Inc.,* No. 1:10-cv-616-AWI-SKO, 2012 WL 2117001 at *8 (E.D. Cal. Jun. 11, 2012) ("As initially determined in the Court's preliminary approval order and as set forth above, the Rule 23(a) requirements for class certification have been satisfied.").

## V.  THE CLASS NOTICE COMPORTS WITH DUE PROCESS

Due process requires that notice be provided to class members by the best reasonable method available. *See Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173

9

(1974).  Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *See Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).  Here, the parties engaged Kurtzman Carson Consultants, LLC ("KCC"), an experienced third-party settlement administrator, to mail the Class Notice and related forms to Class Members.

On October 24, 2018, KCC mailed the Class Notices to all 336 Class Members via First Class Mail. *See* Cooley Decl., ¶ 3.  The mailing addresses contained in the class list were processed and updated using the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. *Id.*, ¶ 2.  In the event that any updated addresses were located in the NCOA database, the address listed with the NCOA was utilized in connection with the mailing. *Id*.

The Class Notice explained the claims in the litigation and the terms of the settlement, the rights and release of claims under the settlement, the right to object to the settlement, the right to opt-out of the settlement, and the calculation of settlement shares, including estimated individual settlement payment amounts. *See id* at ¶ 3 & Exh. A.  The notice also informed the Settlement Class of deadline for objecting to the settlement, and the process for opting out. *Id*.

As of December 27, 2018, 57 notice packets had been returned by the post office.  *See* Cooley Decl., ¶ 4.  KCC was able to locate updated addresses and re-mail 40 of these notice packets, either through forwarding addresses provided by the Post Office or through other address searches. *Id*.  Not a single Class Member objected to the settlement or opted out of the settlement.  *Id*., ¶¶ 6-7.  For these reasons, Plaintiffs submit that the notice procedure implemented for this settlement meets the requirements of due process.

///

///

///

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL

## VI.    <u>CONCLUSION.</u>

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant this Motion and enter the order granting final approval of the settlement.

Dated:  December 28, 2018

Respectfully submitted,
HAINES LAW GROUP, APC

By:    */s/Paul K. Haines*
Paul K. Haines
Attorneys for Plaintiffs, the Settlement
Class, and Aggrieved Employees