1
2
3
4
5
6
7

8                   **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

| | |
|---|---|
| 11 | Case No.  8:18-cv-00415-DOC-(JCGx) |
| 12  ADAM GARDINER, JOSEPH  GRECO, and SEAN CONROY, as | CLASS ACTION |
| 13  individuals and on behalf of all | **DECLARATION OF ZACHARY COOLEY** |
| 14  others similarly situated, | **RE: NOTICE PROCEDURES** |
| 15                      Plaintiffs, | |
| 16       v. | |
| 17 | |
| 18   TSYS BUSINESS SOLUTIONS, | |
| 19  LLC, f/k/a TRANSFIRST, LLC, a  Delaware limited liability company; | |
| 20  TOTAL SYSTEM SERVICES,  INC., a Georgia corporation; and | |
| 21  DOES 1 through 100, | |
| 22                      Defendants. | |
| 23 | |
| 24 | |

25
26
27
28

1

I, Zachary Cooley, declare as follows:

1.      I am employed as a Senior Project Manager by KCC Class Action Services, LLC ("KCC"), located at 462 South Fourth St., Louisville, Kentucky.  KCC was appointed as the Settlement Administrator in this matter and is not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

**Class List**

2.      On October 17, 2018, KCC received from Defendant a list of three hundred thirty-six (336) persons identified as the Class List.  The Class List included:  names, addresses, Social Security Numbers ("SSNs"), phone numbers, employment data, and employee ID numbers.  KCC formatted the list for mailing purposes, removed duplicate records, and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS").  A total of seventy-three (73) addresses were found and updated via NCOA.  KCC updated its proprietary database with the Class List.

**Mailed Notice**

3.      On October 24, 2018, KCC caused the *Notice of Pending Class, Collective and Representative Action Settlement* and *Data Sheet* (collectively, the "Notice Packet") to be printed and mailed to the three hundred thirty-six (336) names and mailing addresses in the Class List.  A true and correct copy of the Notice Packet is attached hereto as Exhibit A.

4.      Since mailing the Notice Packets to the Class Members, KCC has received fifty-seven (57) Notice Packets returned by the USPS with undeliverable addresses.  Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Notice Packets and was able to find updated addresses for forty (40) Class Members.  KCC promptly re-mailed Notice Packets to the found new addresses.

2

**Toll-Free Telephone Number**

5.      On or before October 24, 2018, KCC established a toll-free telephone number dedicated to answering telephone inquiries from Class Members.

**Request for Exclusion from Class**

6.      The deadline for Class Members to request to be excluded from the class was December 24, 2018. As of the date of this declaration, KCC has received zero requests for exclusion.

**Objections to the Settlement**

7.      The deadline for Class Members to object to the settlement was December 24, 2018.  As of the date of this declaration, KCC has received zero objections to the settlement.

**Preliminary Settlement Award Calculations**

8.      KCC has preliminarily calculated the three hundred thirty-six (336) Class Member settlement awards. These calculations are based on the assumptions that the gross settlement amount is $1,285,000.00, and from that amount, deductions are made for: (a) attorneys' fees ($428,333.33); (b) attorneys' costs ($20,000.00); (c) named plaintiff awards ($22,500.00); (d) payment to the California Labor & Workforce Development Agency ($37,500.00); and (e) administration costs ($16,500.00). The remaining amount ($760,166.67; the "Net Settlement Fund") will be allocated pursuant to the terms of the settlement to those Class Members preliminarily approved for payment.  Currently, the maximum and average class member allocation is estimated to be $16,240.69 and $2,262.40, respectively.  Should the Court-awarded fees or costs differ than those shown above, or if the list of Class Members approved for payment and/or their class data changes, the estimated award allocation calculations will change accordingly.

9.      As provided in the Settlement Agreement, for all Class Members who worked at

3

least one workweek for Defendants during the time period September 8, 2014 and September 24, 2018, KCC will send those individuals two checks, one representing their California payment and the other representing their FLSA payment.  As required under the Settlement Agreement, the check representing the FLSA payment will include language on the back of the check informing Class Members that by cashing, endorsing, or depositing the check, they will have opted-in to the settlement of the FLSA claims in the lawsuit and the release of FLSA claims therein.

**Administration Costs**

10.     KCC estimates its total cost of administration to be $16,500.  This amount includes costs to date as well as through the completion of this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.  Executed this 27th day of December 2018 at Louisville, Kentucky.

ZACHARY COOLEY

4

# EXHIBIT A

*This notice is being sent pursuant to court order. This is not a solicitation from a lawyer.*

NOTICE OF PENDING CLASS, COLLECTIVE AND REPRESENTATIVE ACTION SETTLEMENT

*Adam Gardiner, et al. v. TSYS Merchant Solutions, LLC, and Total System Services, Inc.,*
United States District Court, Central District of California, Case No. 8:18-cv-00415 DOC-JCG

**If you worked for Defendant TSYS Merchant Solutions, LLC, or Defendant Total System Services, Inc. as a Sales Representative or Account Executive in California and were paid pursuant to Defendants' recoverable draw-based commission compensation plan(s), at any time between September 8, 2013 and September 24, 2018, you could be a Class Member and receive a payment from a proposed class and collective action settlement.**

*You are not being sued. Read this notice carefully, as your legal rights could be affected whether you act or not.*

The United States District Court for the Central District of California (the "Court") has preliminarily approved a class, collective and representative action settlement that may affect your legal rights. The proposed settlement resolves a class, collective and representative action lawsuit filed by Adam Gardiner, Sean Conroy, and Joseph Greco ("Plaintiffs") against TSYS Merchant Solutions, LLC, and Total System Services, Inc. (collectively, "TSYS")— *Adam Gardiner, et al. v. TSYS Merchant Solutions, LLC, and Total System Services, Inc.,* United States District Court, Central District of California, Case No. 8:18-cv-00415 DOC-JCG (the "Lawsuit").

- This Lawsuit is based on various allegations, including but not limited to, Plaintiffs' claims that TSYS (1) failed to pay Class Members all overtime wages under California Labor Code sections 204, 226.2, 510, 558, 1194, and 1198; (2) failed to pay Class Members minimum wage under California Labor Code sections 226.2, 1182.12, 1194, 1194.2, and 1197; (3) failed to provide Class Members paid rest periods under California Labor Code sections 226.7, 516, and 558; (4) failed to provide Class Members accurate wage statements under California Labor Code sections 226 *et seq.*; (5) failed to timely pay Class Members wages upon termination under California Labor Code sections 201, 202, and 203; (6) engaged in unfair competition under California Business and Professions Code sections 17200 *et seq.*; (7) is liable for penalties pursuant to the Private Attorneys General Act of 2004 (PAGA) under California Labor Code sections 2698 *et seq.*; and (8) failed to pay wages and overtime, and is liable for associated liquidated damage, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (FLSA).

- TSYS denies Plaintiffs' contentions and maintains it has fully complied with the law. By entering into this settlement, TSYS in no way admits any violation of law or any liability whatsoever to Plaintiffs or Class Members, individually or collectively, and expressly denies all such liability. Plaintiffs and TSYS have reached this settlement in light of all known facts and circumstances—including the risks of significant delay and uncertainty associated with litigation, various defenses asserted by TSYS, and numerous potential appellate issues—with the assistance of an experienced mediator knowledgeable of both the wage and hour laws and class, collective, and representative claims at issue.

- The settlement provides cash payments to Class Members based on their number of workweeks of employment for TSYS as a Sales Representative or Account Executive in California while being paid pursuant to TSYS' recoverable draw-based commission compensation plan(s), at any time between September 8, 2013 and September 24, 2018 (the "Class Period").

**THIS NOTICE IS NOT TO BE UNDERSTOOD OR VIEWED AS AN EXPRESSION OF ANY OPINION FROM THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS ASSERTED BY PLAINTIFFS OR DEFENSES ASSERTED BY TSYS.**

**Notice of Class, Collective, and Representative Action Settlement**
Page 1 of 6
*Questions? Please contact the Settlement Administrator at (800) 403-4547.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You do not have to do anything in response to this notice. If you do nothing, you will remain eligible to automatically receive an Individual Settlement Payment if the Court grants final approval of the settlement and be bound by the release provisions in the Settlement Agreement. |
| **OPT OUT** | You may opt out of the settlement by submitting a timely and complete request for exclusion. If you opt out, you may not object to the settlement, you shall not receive an Individual Settlement Payment, and you shall not be bound by the release provisions in the Settlement Agreement. |
| **OBJECT** | You may object to the settlement by submitting a written objection. If the Court grants final approval of the settlement despite your objection, you still will remain eligible to automatically receive an Individual Settlement Payment if the Court grants final approval of the settlement and be bound by the release provisions in the Settlement Agreement. |

## 1.   Why Did I Receive This Notice?

You are receiving this Notice of Pending Class, Collective, and Representative Action Settlement ("Notice") because TSYS's records show that you are a person who worked for TSYS as a Sales Representative or Account Executive in California and were paid pursuant to Defendants' recoverable draw-based commission compensation plan(s), at any time between September 8, 2013 and September 24, 2018.  As such, you may be entitled to share in the funds to be made available for settlement of the Lawsuit.

Because the settlement preliminarily approved by the Court would affect Class Members' legal rights, the Court ordered that this Notice be sent to you. This Notice provides a brief description of the Lawsuit, informs you of the settlement terms preliminarily approved by the Court, and advises you of your legal rights with respect to the settlement. If finally approved by the Court, the settlement will fully resolve the Lawsuit, and your legal rights may be affected by the settlement.

The terms of the settlement are set forth in detail in the Settlement Agreement and Release of Claims ("Settlement Agreement"), and have the same meaning as used therein. You may obtain a copy of the Settlement Agreement from the neutral third-party appointed by the Court to administer the settlement (the "Settlement Administrator"). Details about how to get additional information about the Settlement Agreement are provided at the end of this Notice.

## 2.   What Is the Lawsuit About?

On September 8, 2017, the initial complaint in this Lawsuit was filed in the California Superior Court for the County of Orange. On March 15, 2018, TSYS removed the action to the United States District Court for the Central District of California. Plaintiffs amended the operative complaint several times. Plaintiffs' claims are advanced on behalf of a specific subset of TSYS's Sales Representatives and Account Executives: those subject to TSYS's recoverable draw- based commission compensation plan(s). The Lawsuit involves the following claims: (1) failed to pay Class Members all overtime wages under California Labor Code sections 204, 226.2, 510, 558, 1194, and 1198; (2) failed to pay Class Members minimum wage under California Labor Code sections 226.2, 1182.12, 1194, 1194.2, and 1197; (3) failed to provide Class Members paid rest periods under California Labor Code sections 226.7, 516, and 558; (4) failed to provide Class Members accurate wage statements under California Labor Code sections 226 *et seq.*; (5) failed to timely pay Class Members wages upon termination under California Labor Code sections 201, 202, and 203; (6) engaged in unfair competition under California Business and Professions Code sections 17200 *et seq.*; (7) is liable for penalties pursuant to the Private Attorneys General Act of 2004 (PAGA) under California Labor Code sections 2698 *et seq.*; and (8) failed to pay wages and overtime, and is liable for associated liquidated damage, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (FLSA).

TSYS denied and continues to deny (i) all of the allegations made by Plaintiffs, (ii) that it violated any applicable laws, (iii) that it is liable or owes damages, penalties, or other compensation or remedies to anyone with respect to the alleged facts or claims asserted in the Lawsuit, and (iv) that class certification, collective action certification, or representative treatment of the Lawsuit or any of Plaintiff's alleged claims is proper. Nonetheless, without admitting or conceding any liability or wrongdoing whatsoever and without admitting or conceding that class certification, collective action certification, or representative treatment is appropriate for any purpose other than settlement purposes alone, TSYS has agreed to settle the Lawsuit on the terms and conditions set forth in the Settlement Agreement, to avoid the burden, expense, and uncertainty of continuing the Lawsuit.

The Court has preliminarily approved Plaintiff's Counsel Paul K. Haines, Tuvia Korobkin, and Stacey Shim of HAINES LAW GROUP, APC, 222 N. Sepulveda Blvd., Suite 1550, El Segundo, California 90245, and Isam C. Khoury, Michael D. Singer, and Jeff Geraci of COHELAN KHOURY & SINGER, 605 C Street, Suite 200, San Diego California 92101, as Class Counsel. Based on their investigation and evaluation, Class Counsel is of the opinion that the terms set forth in the Settlement Agreement are fair, reasonable, adequate, and in the best interests of Class Members.

**Notice of Class, Collective, and Representative Action Settlement**
Page 2 of 6
*Questions? Please contact the Settlement Administrator at (800) 403-4547.*

**3.     What Are the Payments Under the Settlement?**

### a.     Overall Summary of Settlement Payments

TSYS agrees to pay a maximum potential settlement amount of **One million two hundred eighty-five thousand dollars ($1,285,000)** (the "Gross Settlement Amount"). The $1,285,000 Gross Settlement Amount is inclusive of (i) any award by the Court to Class Counsel for attorneys' fees and costs associated with the litigation and resolution of the Lawsuit (the "Attorneys' Fees and Costs Award"), (ii) any award by the Court to Plaintiffs in recognition of their effort and work in prosecuting the Lawsuit on behalf of Class Members (the "Named Plaintiff Incentive Payments"), (iii) any costs of settlement administration approved by the Court for administering the settlement, including, but not limited to, printing, distributing, or tracking Notices, processing any required tax payments or reportings, providing any required tax forms, depositing settlement funds in an interest-bearing account, distributing the settlement payments, or providing necessary reports and declarations ("Settlement Administration Costs"), (iv) all payroll taxes (including the employer's share of payroll taxes), and (v) any payment approved by the Court to the State of California Labor and Workforce Development Agency (the "LWDA Payment").

The remaining portion of the Gross Settlement Amount available for distribution to Class Members is the Net Settlement Amount, to be allocated as follows: (i) One Hundred Thousand Dollars ($100,000) from the Net Settlement Amount shall be allocated to Class Members who do not opt out of the settlement and who worked one or more workweeks between September 8, 2014, and September 24, 2018 (the "FLSA Fund"); (ii) the remaining portion of the Net Settlement Amount, after deduction of the FLSA Fund, shall be allocated to Class Members on a common-fund basis (the "California Fund").

### b.     Individual Settlement Payments

The Net Settlement Amount shall be distributed in separate checks to each Class Member ("Individual Settlement Payments"), pursuant to the terms of the Settlement Agreement. The Settlement Administrator will calculate Individual Settlement Payments for all Class Members.

Each Class Member who worked one or more workweeks between September 8, 2014 and September 24, 2018 and does not opt out of this settlement shall be eligible to claim a check containing the FLSA portion of his or her Individual Settlement Payment from the FLSA Fund.  The Settlement Administrator shall calculate the amount of the Individual Settlement Payment from the FLSA Fund for each Class Member by multiplying the FLSA Fund by a fraction, the numerator of which will be the Class Member's number of workweeks worked between September 8, 2014 and September 24, 2018, and the denominator of which will be the total of the number of workweeks worked by all Class Members (who do not opt out of the settlement) between September 8, 2014 and September 24, 2018.

Checks representing Individual Settlement Payments from the FLSA Fund will indicate that endorsing, cashing, or depositing the check will constitute consent under the FLSA to opt into the collective action portion of this settlement.

Separately, each Class Member that worked during the Class Period and did not opt out shall be eligible to receive a check containing his or her Individual Settlement Payment from the California Fund. The Settlement Administrator shall calculate the amount of individual California Fund Payments for each California Member that worked during the Class Period and did not opt out by multiplying 85% of the California Fund by a fraction, the numerator of which will be the California Member's number of workweeks during the Class Period and the denominator of which will be the total of the number of workweeks during the Class Period for all Class Members who did not opt out. 10% of the California Fund will be distributed on a workweek basis (as described above) among those Class Members who were employed at any time between September 8, 2016 and September 24, 2018, thereby increasing the individual California Fund Payments for such California Members.  The remaining 5% of the California Fund will be distributed on a pro rata basis among those Class Members whose employment with TSYS terminated at any point between September 8, 2014 and September 24, 2018, thereby increasing the individual California Fund Payments for such California Members.

#### 1.     Applicable Tax Withholding and Responsibility for Taxes

Each Class Member's Individual Settlement Payment from the FLSA Fund, if any, will be characterized as 50% 1099 income and 50% W-2 income. Each Class Member's Individual Settlement Payment from the California Fund will be characterized as 80% 1099 income and 20% W-2 income. In accordance with applicable tax laws, required tax withholdings will be taken from each Individual Settlement Payment for the portion allocated to W-2 income and remitted to the appropriate taxing authorities. The Settlement Administrator shall issue any necessary IRS Form 1099s and W-2s to Class Members for their respective Individual Settlement Payments. Class Members shall be solely and legally responsible for paying all other applicable taxes on their respective Individual Settlement Payments and shall indemnify and hold harmless TSYS from any claim or liability for taxes, penalties, or interest arising as a result of the payments.

**Notice of Class, Collective, and Representative Action Settlement**
Page 3 of 6
*Questions? Please contact the Settlement Administrator at (800) 403-4547.*

2.      Undeliverable or Uncashed Checks

Any settlement check distributing Individual Settlement Payments returned to the Settlement Administrator as undeliverable shall be sent promptly via First Class U.S. Mail to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine the correct address using a skip-trace search, and it shall then perform a re-mailing if an updated address can be located. The principal for any Individual Settlement Payments that remain undeliverable or uncashed 180 calendar days after the postmarked date of their initial mailing will escheat to the California Department of Industrial Relations, Unclaimed Wage Fund, in the name of the Class Member, within 5 calendar days of the close of the 180 calendar day period.

c.      **Attorneys' Fees and Costs Award**

You do not need to pay individually any portion of Class Counsel's attorneys' fees and costs. Any payments for those attorneys' fees and costs will be deducted from the Gross Settlement Amount. Class Counsel intends to request that the Court approve an Attorneys' Fees and Costs Award in the amount of up to one-third of the Gross Settlement Amount and costs in the amount of up to $20,000.

The Court's approval of an Attorneys' Fees and Costs Award is not a material term of the settlement. If the Court does not approve or approves only a lesser amount than requested by Class Counsel for an Attorneys' Fees and Costs Award, the other terms of the settlement shall apply. The Court's refusal to approve the Attorneys' Fees and Costs Award requested by Class Counsel does not give Named Plaintiffs or Class Counsel any basis to abrogate the settlement. Any amount of an Attorneys' Fees and Costs Award requested by Class Counsel but unapproved by the Court shall be allocated to the Net Settlement Amount.

d.      **Named Plaintiffs Incentive Payment**

Class Counsel intends to request that the Court approve a Named Plaintiffs Incentive Payment of up to $7,500 each. Any Named Plaintiff Incentive Payment is in addition to Named Plaintiffs' Individual Settlement Payments.

The Court's approval of a Named Plaintiffs Incentive Payment is not a material term of the settlement. If the Court does not approve or approves only a lesser amount than requested by Class Counsel for a Named Plaintiffs Incentive Payment, the other terms of the settlement shall apply. The Court's refusal to approve the Named Plaintiffs Incentive Payment requested by Class Counsel does not give Named Plaintiffs or Class Counsel any basis to abrogate the settlement. Any amount of a Named Plaintiffs Incentive Payment requested by Class Counsel but unapproved by the Court shall be allocated to the Net Settlement Amount.

e.      **Settlement Administration Costs**

Class Counsel intends to request that the Court approve Settlement Administration Costs of approximately $16,500, payable to the Settlement Administrator for administering the settlement, including, but not limited to, printing, distributing, or tracking Class Notices, providing any required tax forms, processing any required tax payments or reporting, depositing the Gross Settlement Amount in an interest-bearing account, calculating and distributing Individual Settlement Payments, Named Plaintiffs Incentive Payment, Attorneys' Fees and Costs Award, or LWDA Payment, and providing necessary reports and declarations. Any amount of Settlement Administration Costs requested by Class Counsel but unapproved by the Court shall be allocated to the Net Settlement Amount.

f.      **LWDA Payment**

Class Counsel intends to request that the Court allocate $50,000 to PAGA penalties and approve an LWDA Payment of $37,500 (or 75% of the PAGA penalties) to the State of California Labor and Workforce Development Agency. Any amount of the LWDA Payment requested by Plaintiffs but unapproved by the Court shall be allocated to the Net Settlement Amount.

g.      **All Payments Subject to Court Approval**

All of the payments listed above will be made if and only if the Court grants final approval of the settlement and concludes it is reasonable, fair, and adequate for the Class. The Court may adjust the amounts of certain payments.

**4.      What Do I Release Under the Settlement?**

In exchange for your Individual Settlement Payments, you and each of your respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, or guardians, will release certain claims against TSYS and its current or former subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, employers, attorneys, personal representatives, executors, and shareholders, including their respective pension, profit sharing, savings, health, and other employee benefit plans of any nature, the successors of such plans, and those plans' respective current or former trustees and administrators, agents, employees, and fiduciaries ("Released Parties").

**Notice of Class, Collective, and Representative Action Settlement**
Page 4 of 6
*Questions? Please contact the Settlement Administrator at (800) 403-4547.*

Your release will include any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind that were or could have been asserted in any version of the complaints filed in this Lawsuit that are based on or arise out of the facts alleged in any version of the complaints filed in this Lawsuit, including, those for (1) failure to pay all overtime wages under California law, (2) failure to pay minimum wage under California law, (3) failure to provide rest periods under California law, (4) failure to pay or timely pay earned wages under the California Labor Code, (5) failure to provide accurate and complete wage statements under California law, including upon termination of employment, and (6) unfair competition under the California Business and Professions Code. These releases also include releases of all PAGA remedies arising from or related to any of the underlying claims that were or could have been brought in the Lawsuit.

Further, upon endorsing, cashing, or depositing the FLSA Fund check, and except as to such rights or claims as may be created by the settlement, you and each of your respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, or guardians, will release each of the Released Parties of and from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability for unpaid overtime or other claims under the FLSA, that were or could have been asserted in any version of the complaints filed in this Lawsuit, that are based on or arise out of the facts alleged in any version of the complaints filed in this Lawsuit.

You acknowledge that you may hereafter discover facts or law different from, or in addition to, the facts or law you know or believe to exist with respect to a released claim. You nonetheless agree that this settlement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law regarding such released claims.

Your release will not include any claims that cannot be waived as a matter of law, but you agree that you will not accept any monetary recovery or benefit from any proceedings relating to any such claims.

By participating in the settlement, and as a condition thereon, you shall be enjoined from filing, initiating, or continuing to prosecute any actions, claims, complaints, or proceedings in court, with the California Division of Labor Standards Enforcement, with the LWDA, the United States Department of Labor, or with any other agency, persons, or entity in any court or before any administrative body regarding the released claims. Further, you will not contest or interfere with efforts by TSYS to oppose any attempt to bring such released claims against TSYS.

| 5. | How Do I Object to the Settlement? |
|---|---|

If you want to participate in the settlement, you do not have to do anything and do not have to appear at the final approval hearing before the Court. You will receive your Individual Settlement Payment automatically if the Court grants final approval of the settlement.

However, if you want to object to the settlement, you must take the steps below. You shall be entitled to object to the terms of the settlement only if you do not opt out of the settlement:

(1) You must mail a written statement to the Settlement Administrator at the following address: *Gardiner v TSYS Merchant Solutions*, Settlement Administrator, P.O. Box 404041, Louisville, KY 40233-4041.

(2) The written statement MUST include: your name, address, last four digits of your Social Security number, and the basis for your objection.

(3) If you object, you may but are not required to appear at the final approval hearing either in person or through counsel, paid for at your own expense.

(4) The written statement must be postmarked by December 24, 2018.

(5) You shall also have the right to appear at the final approval hearing, either in person or through counsel, to state an objection.

If you fail to make an objection in the manner specified above, you shall be deemed to have waived any objections and shall be foreclosed from making any objection, whether by appeal or otherwise, to this settlement. If you submit an objection to the settlement, you may withdraw your objection at any time.

If you submit an objection, you will remain bound by the settlement if finally approved. If you do not want to be bound by the settlement if finally approved, you must opt out of the settlement.

**Notice of Class, Collective, and Representative Action Settlement**
Page 5 of 6
*Questions? Please contact the Settlement Administrator at (800) 403-4547.*

| 6. | How Do I Opt Out of the Settlement? |
|---|---|

If you do not want to participate in the settlement, you may opt out of the settlement. If you opt out of the settlement, you may not object to the settlement, shall not receive any Individual Settlement Payments, and shall not be bound by the release provisions in the Settlement Agreement.

In order to opt out, you MUST express your desire to be excluded from the settlement by mailing to the Settlement Administrator a "Request for Exclusion" correspondence, which must include your name (and former names, if any), current address, current telephone number, and last four digits of your Social Security number at the following address: *Gardiner v TSYS Merchant Solutions*, Settlement Administrator, P.O. Box 404041, Louisville, KY 40233-4041. Any such Request for Exclusion must be postmarked by December 24, 2018.

Any Request for Exclusion that does not include all required information or that is not submitted on a timely basis will be deemed null, void, and ineffective. A Request for Exclusion shall be deemed to be submitted as of the postmarked date. If you submit both a Request for Exclusion and an objection, your objection will be valid and be deemed to invalidate the Request for Exclusion.

| 7. | When is the Final Approval Hearing? |
|---|---|

The Final Approval Hearing is scheduled on January 28, 2019, at 8:30 a.m., at the Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Courtroom 9D, Santa Ana, California 92701. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to the Class Members.

At the Final Approval Hearing, the Court will consider: (a) whether the Settlement Agreement should be approved as fair, reasonable, and adequate for the Settlement Class; (b) whether a judgment granting final approval of the Settlement Agreement should be entered; and (c) whether Plaintiffs' request for enhancement payments, settlement administration costs, LWDA's share of PAGA penalties, and Class Counsel's attorneys' fees and costs should be granted.

| 8. | Where Can I Get Additional Information? |
|---|---|

This Notice summarizes the Lawsuit, settlement, and related matters. For more information, you may contact the Settlement Administrator or Class Counsel:

<table>
<tr><td align="center"><b>Settlement Administrator:</b></td><td align="center"><b>Class Counsel:</b></td></tr>
<tr><td align="center"><i>Gardiner v TSYS Merchant Solutions</i><br>Settlement Administrator<br>P.O. Box 404041<br>Louisville, KY 40233-4041<br>(800) 403-4547</td><td align="center">HAINES LAW GROUP, APC<br>Paul K. Haines<br>Tuvia Korobkin<br>Stacey Shim<br>222 N. Sepulveda Blvd., Suite 1550<br>El Segundo, California 90245<br>Telephone: (424) 292-2350<br><br>COHELAN KHOURY & SINGER<br>Isam C. Khoury<br>Michael D. Singer<br>Jeff Geraci<br>605 C Street, Suite 200<br>San Diego, California 92101<br>(619) 595-3001</td></tr>
</table>

You also may view the Settlement Agreement, Complaint, and other documents from the Lawsuit by using "PACER" at the Court's website (http://www.cacd.uscourts.gov) or in the Court Clerk's office during normal working hours.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION REGARDING THE SETTLEMENT**

**Notice of Class, Collective, and Representative Action Settlement**
Page 6 of 6
*Questions? Please contact the Settlement Administrator at (800) 403-4547.*

*Gardiner v TSYS Merchant Solutions*
Settlement Administrator
P.O. Box 404041
Louisville, KY 40233-4041

# TGA

«Barcode»
Postal Service: Please do not mark barcode

Claim#: TGA-«Claim8»-«CkDig»
«FirstName» «LastName»
«Addr1» «Addr2»
«City», «St»  «Zip»
«Country»

*Adam Gardiner, et al. v. TSYS Merchant Solutions, LLC, and Total System Services, Inc.,*
United States District Court, Central District Of California

### YOUR DATA AS A CLASS MEMBER

**TSYS' records reflect that you are or were employed by TSYS as a non-exempt Sales Representative or Account Executive in California and paid pursuant to TSYS' recoverable draw-based commission compensation plan(s), at any time between September 8, 2013, through September 24, 2018, and that you worked for TSYS for a total of <<WksWkd>> workweeks during this time period.**

**TSYS' records reflect that you worked for TSYS for a total of <<2014WksWkd>> workweeks between September 8, 2014 and September 24, 2018.**

**TSYS' records reflect that you worked for TSYS for a total of <<2016WksWkd>> workweeks between September 8, 2016 and September 24, 2018.**

**TSYS' records reflect that your employment with TSYS <<EMPStatus>> end at any point between September 8, 2014 and September 24, 2018.**