JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GARDINER, JOSEPH GRECO, and SEAN CONROY, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TSYS BUSINESS SOLUTIONS, LLC, f/k/a TRANSFIRST, LLC, a Delaware limited liability company; TOTAL SYSTEM SERVICES, INC., a Georgia corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. 8:18-cv-00415 DOC (JCGx)<br><br>**FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [25], [26]**<br><br>Judge: Hon. David O. Carter<br>Date: January 28, 2019<br>Time: 8:30 a.m.<br>Dept.: 9D |

1    This matter came on for hearing on January 24, 2019, at 8:30 a.m., in Department 9D of the United States District Court for the Central District of California before the Honorable David O. Carter. Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing thereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representatives Adam Gardiner, Joseph Greco, and Sean Conroy ("Plaintiffs" or "Class Representatives"), Defendants TSYS Merchant Solutions, LLC and Total System Services, Inc. ("Defendants"), and all members of the Settlement Class, which is defined as follows:

> All of Defendants' non-exempt Sales Representatives or Account Executives in California who were paid pursuant to Defendants' recoverable draw-based commission compensation plan(s) at any time since September 8, 2013 through [September 24, 2018].

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Settlement Agreement and Release of Claims filed by Plaintiffs as Exhibit 1 to the Declaration of Paul K. Haines in Support of Plaintiffs' Motion for Preliminary Approval, on August 13, 2018 (Dkt. No. 20-1), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

3. The Court grants final approval of the Settlement Agreement because it meets the criteria for final settlement approval. The settlement falls within the range of approval as fair, adequate, and reasonable, appears to be the product of

arm's-length and informed negotiations, and treats all members of the Settlement Class fairly.

4. The Court finds that the distribution by U.S. first-class mail of the Class Notice constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the notice to the Settlement Class was adequate. The notice informed members of the Settlement Class of the terms of the Settlement, their right to participate in the Settlement and how to do so, their right to object to the Settlement, their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement, and their right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures. No members of the Settlement Class objected to the Settlement or any portion thereof, and no members of the Settlement Class opted out of the Settlement.

5. The Court finds, for purposes of settlement only, that the Settlement Class satisfies the applicable standards for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and under the Fair Labor Standards Act. Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Settlement Class, as defined above. Because the Settlement Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6. The Court approves the Settlement, and each of the releases and other terms set forth in the Settlement Agreement, as fair, reasonable, and adequate as to the Settlement Class, the Class Representatives, and Defendants (collectively the "Settling Parties"). The Settling Parties and the Settlement Administrator are

directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. Because no Class Member has opted out of the Settlement, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representatives and all members of the Settlement Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and in this Judgment and Order.

8. By this Judgment, and upon satisfaction of the obligations delineated in the Settlement Agreement, the Class Representatives and all Class Members (collectively the "Releasing Members"), hereby release Defendants and each Released Party (as defined in the Settlement Agreement) from all released claims identified in the Settlement Agreement.

9. The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Members from prosecuting any of the released claims as defined in the Settlement Agreement. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

10. The Court finds that the plan of allocation of the Net Settlement Amount as set forth in the Settlement Agreement is fair and reasonable, and that distribution of Individual Settlement Payments to the Settlement Class shall be effected in accordance with the terms outlined in the Settlement Agreement.

11. The Court hereby confirms the appointment of Adam Gardiner, Joseph Greco, and Sean Conroy as Class Representatives for the Settlement Class for purposes of settlement.

12. The Court hereby confirms the appointment of Paul K. Haines, Tuvia Korobkin, and Stacey M. Shim of Haines Law Group, APC and Isam C. Khoury,

Michael D. Singer, and Jeff Geraci of Cohelan Khoury & Singer as Class Counsel for the Settlement Class for purposes of the Settlement and the releases and other obligations therein.

13. The Court hereby approves the payment from the Gross Settlement Amount of settlement administration costs in the amount of $16,500.00 to Kurtzman Carson Consultants, LLC, the Settlement Administrator, for services rendered in this matter. The Court also approves payment from the Gross Settlement Amount of an Incentive Payment of $7,500.00 to each of the Class Representatives (for a total of $22,500.00) to reimburse the Class Representatives for their valuable services in initiating and maintaining this litigation and the benefits conferred onto the Settlement Class as a result of the Action. The Court finds that these payments are fair and reasonable. The Settlement Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

14. The Court hereby approves a payment from the Gross Settlement Amount of $37,500.00 to the California Labor & Workforce Development Agency for its share of penalties under the Labor Code Private Attorneys General Act, pursuant to Labor Code § 2699(i), in accordance with the terms of the Settlement Agreement.

15. The Court hereby awards to Class Counsel the amount of $428,333.33 for attorney's fees, and the amount of $14,324.78 for litigation costs. Based on Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Incentive Payments, the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, and that their efforts resulted in a substantial monetary recovery for the Settlement Class. The Court finds this payment to be fair and reasonable. The Settlement Administrator is ordered to make these payments to Class Counsel in accordance with the terms of the Settlement Agreement.

///

16. Final judgment is hereby entered pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b). This document shall constitute a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: January 24, 2019

*David O. Carter*
The Honorable David O. Carter
United States District Judge